**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE REYNALDO LOPEZ HERNANDEZ, AKA Jorge Hernandez, AKA Jorge Hernandez Lopez, | No. 20-71956 |
| | Agency No. A206-412-045 |
| *Petitioner,* | |
| v. | OPINION |
| MERRICK B. GARLAND, Attorney General, | |
| *Respondent.* | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2023[*]
Pasadena, California

Filed February 16, 2023

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  John B. Owens and Eric D. Miller, Circuit Judges,
    and Dana L. Christensen,** District Judge.

Opinion by Judge Miller

SUMMARY***

**Immigration**

Denying Jorge Reynaldo Lopez Hernandez's petition for review of the Board of Immigration Appeals' decision in which the Board sustained the government's challenge to the immigration judge's termination of proceedings, the panel held that the Board permissibly declined to consider Lopez's challenges to the IJ's alternative denial of withholding of removal and protection under the Convention Against Torture because Lopez did not file a cross-appeal of that determination.

The IJ concluded that because Lopez's Notice to Appear lacked hearing time and place information, as required by *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the immigration court lacked jurisdiction over his proceedings. However, recognizing that the Board might disagree with its jurisdictional conclusion, the IJ alternatively denied Lopez's application for withholding of removal and CAT protection

---

** The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

*** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

on the merits. The government appealed the IJ's decision to terminate proceedings, but Lopez did not file a cross-appeal. The Board sustained the government's appeal of the IJ's termination of proceedings, but concluded that because Lopez did not file a cross-appeal, the IJ's alternative denial of relief on the merits was not properly before it.

Before this court, Lopez expressly waived review of the Board's termination determination, but argued that the Board erred when it concluded that he was required to file a separate cross-appeal to challenge the IJ's alternative order on the merits of his claims. The panel rejected this argument. In concluding that the IJ's alternative merits determination was not properly before it, the Board relied on 8 C.F.R. § 1003.3(a), which states that "[a]n appeal from a decision of an immigration judge shall be taken by filing a Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26) directly with the Board, within the time specified in § 1003.38." The panel observed that section 1003.3 does not expressly address cross-appeals. However, the panel wrote that the cross-appeal rule is an "unwritten but longstanding rule" under which "an appellate court may not alter a judgment to benefit a nonappealing party." The panel explained that the Supreme Court has described this rule as "firmly entrenched," and it has noted that "in more than two centuries of repeatedly endorsing the cross-appeal requirement, not a single one of our holdings has ever recognized an exception to the rule."

Although an appellee must cross-appeal if it seeks to alter the judgment, it need not do so if all it wishes to do is present alternative grounds for affirming the judgment. Here, the panel concluded that this limitation on the cross-appeal rule did not help Lopez because he *did* seek to alter the judgment. Had the IJ's order terminating

proceedings been sustained, the agency would have been free to initiate new proceedings by issuing a new order to appear. In his challenge to the IJ's alternative order, Lopez sought to obtain greater relief—namely, to establish his eligibility for withholding of removal or protection under the CAT. Had he obtained that relief, the agency would not have been able to bring new removal proceedings. Thus, Lopez was seeking to alter the judgment, not merely to affirm the IJ's decision on different grounds.

The panel noted that it was not suggesting that the Board was required to follow the traditional rule governing cross appeals. Rather, the Board has authority to prescribe its own rules of procedure, so long as the Board acts within the broad limits imposed by the Due Process Clause. The panel wrote that it is not up to courts to specify the procedures that the Board should follow. Thus, the Board could, if it wished, take a more permissive view of the scope of appeals than that traditionally taken by federal courts. But it has not done so. To the contrary, it has consistently applied the cross-appeal rule in its decisions. Moreover, other courts of appeals have also recognized that the cross-appeal rule applies to proceedings before the Board, and to the panel's knowledge, no court has reached a contrary conclusion.

Finally, the panel concluded that it lacked jurisdiction to consider Lopez's arguments for a waiver of the cross-appeal rule because he failed to exhaust that claim before the Board.

## COUNSEL

Joan I. Del Valle, Law Offices of Joan Del Valle, Burbank, California, for Petitioner.

Neelam Ihsanullah, Trial Attorney; Jeffery R. Leist, Senior Litigation Counsel; Anthony C. Payne, Assistant Director; Brian M. Boynton, Principal Deputy Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

MILLER, Circuit Judge:

Jorge Reynaldo Lopez Hernandez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals. Although the Board entertained the government's challenge to a portion of the immigration judge's decision in Lopez's case, it declined to consider Lopez's challenges to that decision because Lopez had not filed a cross-appeal. The Board's action was consistent with the traditional rule governing cross-appeals, which the Board has applied in its proceedings. We deny the petition for review.

In 2001, Lopez entered the United States without inspection, and in 2015, the Department of Homeland Security began removal proceedings against him. His notice to appear did not specify the time or place of his hearing, but Lopez later received that information and appeared at a hearing before an immigration judge.

At his hearing, Lopez sought withholding of removal and protection under the Convention Against Torture (CAT). (He initially sought asylum but abandoned that claim after the immigration judge determined that it was untimely.) Lopez moved to terminate the proceedings, arguing that the immigration court lacked jurisdiction because the notice to appear did not identify the time or place of the hearing.

In an oral decision, the immigration judge granted Lopez's motion to terminate the proceedings. Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the immigration judge noted that 8 U.S.C. § 1229(a) specifies the required contents of a notice to appear, including information about the time and place of the hearing. Because Lopez's notice did not include that information, the immigration judge concluded "that a valid Notice to Appear has not been served," so "the Court does not yet have . . . jurisdiction over the . . . removal proceedings." The immigration judge terminated the proceedings without prejudice.

Recognizing that "the Board of Immigration Appeals [might] disagree with" the jurisdictional conclusion, the immigration judge went on, "[i]n the alternative," to deny withholding of removal and CAT relief on the merits. Lopez premised his withholding claim on the theory that he faced persecution because of his membership in two social groups: "members of the Isaias-Hernandez family that [are] harassed and persecuted" and "landowners that are harassed and persecuted by cartels that want to take their land for their own use to promote marijuana cultivation and other criminal enterprises." The immigration judge found that Lopez had not established that he had been harmed or threatened because of his membership in the Isaias-Hernandez family. Further, because Lopez conceded that he was not a landowner, the immigration judge determined that he could

not establish that he was a member of his second proposed social group. The immigration judge denied the CAT claim because Lopez could not establish that it was more likely than not he would be tortured if returned to Mexico. Specifically, Lopez had not demonstrated that he would be unable to relocate within Mexico and live safely, nor had he shown that any torture would be inflicted by or with the acquiescence of the Mexican government. The immigration judge entered an alternative order that Lopez be removed to Mexico.

DHS appealed the immigration judge's decision to terminate proceedings. Lopez did not file a cross-appeal, but in his brief, he argued that the Board should affirm the immigration judge's decision to terminate proceedings or, in the alternative, that the Board should find him eligible for withholding of removal and CAT protection.

The Board sustained DHS's appeal. The Board held that "a Notice to Appear that does not specify the time and place of an initial removal hearing vests an Immigration Judge with jurisdiction over the proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien." The Board therefore vacated the portion of the immigration judge's decision terminating proceedings.

Turning to the immigration judge's alternative decision, the Board noted that Lopez "did not file a Notice of Appeal (or cross-appeal)" challenging that decision. In the Board's view, DHS's appeal of the jurisdictional decision "does not bring the Immigration Judge's alternate decision within the scope of this appeal." The Board concluded that "these issues are not properly before us and we decline to address this matter." It therefore ordered Lopez "removed to Mexico according to the Immigration Judge's alternate order."

Lopez petitions for review. In this court, he has expressly waived any argument that the immigration judge lacked jurisdiction. But even if Lopez had preserved a challenge to the immigration judge's jurisdiction, that challenge would lack merit: In *United States v. Bastide-Hernandez*, we held that a defect in a notice to appear does not affect the subject-matter jurisdiction of the immigration court. 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

Instead, Lopez argues that the Board erred when it concluded that he was required to file a separate cross-appeal to challenge the immigration judge's alternative order on the merits of his claims. In support of its conclusion, the Board relied on 8 C.F.R. § 1003.3(a), which states that "[a]n appeal from a decision of an immigration judge shall be taken by filing a Notice of Appeal from a Decision of an Immigration Judge (Form EOIR-26) directly with the Board, within the time specified in § 1003.38."

Lopez correctly observes that section 1003.3 does not expressly address cross-appeals. The cross-appeal rule is an "unwritten but longstanding rule" under which "an appellate court may not alter a judgment to benefit a nonappealing party." *Greenlaw v. United States*, 554 U.S. 237, 244 (2008). The Supreme Court has described that rule as "firmly entrenched," noting that "in more than two centuries of repeatedly endorsing the cross-appeal requirement, not a single one of our holdings has ever recognized an exception to the rule." *Id.* at 245 (quoting *El Paso Nat. Gas Co. v. Neztsosie*, 526 U.S. 473, 480 (1999)); *accord Morley Constr. Co. v. Maryland Cas. Co.*, 300 U.S. 185, 191 (1937) (describing the rule as "inveterate and certain").

To be sure, although an appellee must cross-appeal if it seeks to alter the judgment, it need not do so "if all it wishes

to do is present alternative grounds for affirming the judgment." *Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1268 (9th Cir. 2022). That is true even if those alternative grounds, taken to their logical conclusion, might suggest that the judgment should be altered: "An appellee who does not take a cross-appeal may 'urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court.'" *Jennings v. Stephens*, 574 U.S. 271, 276 (2015) (quoting *United States v. American Ry. Express Co.*, 265 U.S. 425, 435 (1924)); *see also In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1333 (7th Cir. 1992).

But that limitation on the cross-appeal rule does not help Lopez because he *did* seek to alter the judgment entered by the immigration judge. The immigration judge dismissed the proceedings without prejudice; had that order been sustained, the agency would have been free to initiate new proceedings by issuing a new order to appear. In his challenge to the immigration judge's alternative order, Lopez sought to obtain greater relief—namely, to establish his eligibility for withholding of removal or protection under the CAT. Had he obtained that relief, the agency would not have been able to bring new removal proceedings. Thus, Lopez was seeking to alter the judgment, not merely to affirm the immigration judge's decision on different grounds. Under the traditional rule, he could not do so without cross-appealing.

We do not suggest that the Board was required to follow the traditional rule governing cross appeals. The Board has authority to prescribe its own rules of procedure. 8 C.F.R. § 1003.1(d)(4); *see Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) (per curiam). At least so long as the Board

acts within the broad limits imposed by the Due Process Clause, it is not up to courts to specify the procedures that the Board should follow. *See Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Corp.*, 435 U.S. 519, 543 (1978) ("Absent constitutional constraints or extremely compelling circumstances the 'administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.'" (internal quotation marks omitted) (quoting *FCC v. Schreiber*, 381 U.S. 279, 290 (1965))). Thus, the Board could, if it wished, take a more permissive view of the scope of appeals than that traditionally taken by federal courts. But it has not done so. To the contrary, it has consistently applied the cross-appeal rule in its decisions. *See, e.g.*, *In re R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (B.I.A. 2012); *In re G-A-*, 23 I. & N. Dec. 366, 367 n.1 (B.I.A. 2002); *In re Bosuego*, 17 I. & N. Dec. 125, 129 n.1 (B.I.A. 1979).

Other courts of appeals have also recognized that the cross-appeal rule applies to proceedings before the Board. *See*, *e.g.*, *Lopez v. United States Att'y Gen.*, 914 F.3d 1292, 1299–1300 (11th Cir. 2019); *Shojaeddini v. Sessions*, 880 F.3d 325, 328–29 (7th Cir. 2018); *Ri Kai Lin v. Bureau of Citizenship & Immigr. Servs.*, 514 F.3d 251, 255 (2d Cir. 2008); *Berhe v. Gonzales*, 464 F.3d 74, 88 (1st Cir. 2006). So far as we are aware, no court has reached a contrary conclusion.

Finally, Lopez argues that even if the Board was correct to apply the cross-appeal rule, it should have considered waiving the rule in his case. In his view, the Board's failure to consider granting a waiver deprived him of his due process right to a full and fair hearing. Because Lopez never asked the Board for a waiver, he did not exhaust this claim,

and we lack jurisdiction to consider it. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 894 (9th Cir. 2021). To the extent that Lopez's theory is that the Board had a duty to consider a waiver sua sponte—a claim that, by its nature, Lopez could not have raised before the Board—the theory lacks merit. No authority suggests that the Board has such a duty, and Lopez has not shown that the proceedings were "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016).

**PETITION DENIED**.