NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELENILSON A. COTO DELGADO, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-984 Agency No. A029-212-247 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2023
San Francisco, California

Before: FRIEDLAND and M. BENNETT, Circuit Judges, and R. BENNETT, Senior District Judge. **

Petitioner Elenilson Armando Coto Delgado ("Coto") is a native and citizen of El Salvador who most recently entered the United States in 2019. Through the instant petition, Coto challenges a ruling of the Board of Immigration Appeals ("BIA") upholding an oral decision of an Immigration Judge ("IJ"), who

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

found that Coto's Louisiana conviction for second-degree battery constitutes a particularly serious crime barring withholding of removal. Coto also challenges the BIA's conclusion that he waived review of his CAT claim. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

## I.   Administrative Exhaustion

"This Court may review a final order of removal only if 'the alien has exhausted all administrative remedies available to the alien as of right.'" *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (quoting 8 U.S.C. § 1252(d)(1)). "Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (quoting *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020)).[1] This requirement is not applied "in a formalistic manner." *Diaz-Jimenez v. Sessions*, 902 F.3d 955, 959 (9th Cir. 2018) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)). While "[a] petitioner must do more than make a 'general challenge to the IJ's decision,'" they "may raise a

---

[1] The Supreme Court recently held that the 8 U.S.C. § 1252(d)(1) exhaustion requirement "is a non-jurisdictional rule 'merely prescrib[ing] the method by which the jurisdiction granted the courts by Congress is to be exercised.'" *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1114 (2023) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454 (2004)). The exhaustion requirement is therefore "subject to waiver and forfeiture." *Id.* at 1116. However, because the government argues that Coto failed to exhaust administrative remedies as to his CAT claim and his challenge to the IJ's consideration of his sentence, it has not waived or forfeited this requirement.

general argument in the administrative proceeding and then raise a more specific legal issue on appeal." *Bare*, 975 F.3d at 960 (quoting *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004)). "What matters is that the BIA was sufficiently on notice so that it 'had an opportunity to pass on this issue.'" *Id.* (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)).

Coto failed to exhaust his argument that the nature of his sentence does not suggest he was convicted of a particularly serious crime. On appeal, Coto argues that his "low-term, concurrent, suspended sentence" is not probative of severity, and that the BIA erred by finding "that 'hard labor' was proof of severity, when in fact, that term simply means the offense is a felony." But Coto did not raise these arguments before the BIA in any manner. The only legal argument he offered to challenge the IJ's finding that he had been convicted of a particularly serious crime was that the IJ erred by considering hearsay in a police report. Nowhere did he suggest that the IJ considered improper factors when evaluating "the type of sentence imposed." *Id.* at 961 (citation omitted). It is evident that the BIA did not have sufficient notice of this issue, as the BIA did not review the IJ's evaluation of Coto's sentence anywhere in its opinion.[2] Accordingly, this issue is unexhausted.

---

[2] Coto argues that the BIA exhausted this issue for him by stating that "the Immigration Judge correctly considered the nature of the conviction, the sentence imposed, and the circumstances and underlying facts of the conviction." Viewed in context, this sentence from the BIA opinion merely affirms that the IJ applied the correct legal standard. The only factor from *In re Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982), that the BIA analyzed with any substance or depth was

Coto did exhaust his claim under the Convention Against Torture ("CAT"). Ordinarily, when the petitioner presents some issues in his Notice of Appeal but fails to raise those issues in his brief to the BIA, he "will . . . be deemed to have exhausted only those issues he raised and argued in his brief before the BIA." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam). However, the government argued against Coto's CAT claim on the merits in its responsive briefings before the BIA, and the BIA addressed that issue in its opinion. In the specific context of this case, these facts are sufficient to indicate that the BIA had notice of the issue and an opportunity to address it on the merits.

Regardless, the BIA found that Coto forfeited this issue by failing to argue it in his brief on administrative appeal. *Cf. Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021) (explaining in the context of federal appellate review that the doctrine of forfeiture applies where an appellant fails to argue an issue in their opening brief). While the BIA had sufficient notice of this issue for us to deem it exhausted, the agency did not abuse its discretion by finding the issue forfeited and declining to address it on the merits. *See, e.g.*, *In re R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (B.I.A. 2012) (applying doctrine of waiver in administrative appeal); *see also Lopez v. Garland*, 60 F.4th 1208, 1212 (9th Cir. 2023) (noting that the

___

the sole factor Coto raised on appeal—specifically, the IJ's reliance on the police report to determine "the circumstances and underlying facts of the conviction." *Bare*, 975 F.3d at 961 (citation omitted). Nowhere did the BIA review the IJ's evaluation of Coto's sentence.

BIA "has authority to prescribe its own rules of procedure" so long as it "acts within the broad limits imposed by the Due Process Clause").

## II. Particularly Serious Crime

Coto contests the BIA's finding that his second-degree battery conviction constitutes a particularly serious crime barring withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii). To determine whether a given offense is particularly serious, an IJ must consider three factors developed in *In re Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982), including: "(1) 'the nature of the conviction,' (2) 'the type of sentence imposed,' and (3) 'the circumstances and underlying facts of the conviction.'" *Bare*, 975 F.3d at 961 (citation omitted). We have no jurisdiction to "reweigh the evidence and reach our own determination about the crime's seriousness," but we may review the BIA's conclusion for abuse of discretion. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). Under this deferential standard of review, we may reverse "only if the BIA acted 'arbitrarily, irrationally, or contrary to law,'" *Bare*, 975 F.3d at 961 (quoting *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (per curiam)), or if the BIA did not "rely on the appropriate factors and proper evidence to reach its conclusion," *id.* (cleaned up) (quoting *Avendano-Hernandez*, 800 F.3d at 1077).

Coto's only exhausted challenge is his argument that the BIA considered improper evidence when evaluating "the circumstances and underlying facts of the conviction." *See Frentescu*, 18 I. & N. Dec. at 247. The BIA "may consider 'all reliable information,' including 'information outside the confines of a record

of conviction,'" to evaluate this factor. *Hernandez v. Garland*, 52 F.4th 757, 766 (9th Cir. 2022) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 677 (9th Cir. 2010)). However, "the evidence introduced into removal proceedings remains subject to other statutory and constitutional limitations," such as the due process requirement that the government "make a good faith effort to afford the alien a reasonable opportunity to confront and to cross-examine the witness against him." *Alcaraz-Enriquez v. Garland*, 19 F.4th 1224, 1231 (9th Cir. 2021) (citation omitted). An immigrant seeking a new hearing based on a violation of this requirement must show prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Id.* at 1231–32 (quoting *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009)).

Coto argues that the BIA and the IJ improperly relied on hearsay statements presented in a police report without affording him a reasonable opportunity to cross-examine the declarants. Regardless of whether the BIA's consideration of the police report was proper, Coto cannot show prejudice. The BIA and the IJ found that Coto's offense constitutes a particularly serious crime regardless of whether the police report or Coto's testimony is accurate, as either narrative of events features the use of a dangerous weapon against an unarmed victim. Coto argues that he testified he was acting in self-defense, and that his actions cannot be construed as "attacking the victim," but these arguments ask this Court to "reweigh the evidence" and are nonreviewable. *See Avendano-Hernandez*, 800 F.3d at 1077. We therefore conclude that the BIA did not abuse its discretion by

affirming the IJ's particularly serious crime determination.

**PETITION DENIED.**