# In re Guang Li FU, Respondent

File A44 413 769 - San Francisco

*Decided September 6, 2006*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

 Section 237(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(H) (2000), authorizes a waiver of removability under section 237(a)(1)(A) based on charges of inadmissibility at the time of admission under section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (2000), for lack of a valid immigrant visa or entry document, as well as under section 212(a)(6)(C)(i) for fraud or willful misrepresentation of a material fact, where there was a misrepresentation made at the time of admission, whether innocent or not.

FOR RESPONDENT: Justin X. Wang, Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Carolyn H. Kim, Assistant Chief Counsel

BEFORE: Board Panel: HOLMES, HURWITZ, Board Members; ADKINS-BLANCH, Temporary Board Member.

HOLMES, Board Member:

   The respondent has appealed from an Immigration Judge's decision dated March 23, 2005, denying his application for a waiver under section 237(a)(1)(H) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(H) (2000), but granting his application for voluntary departure under section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2000). The Department of Homeland Security ("DHS") filed an opposition to the appeal. While the appeal was pending, the respondent also filed a motion to remand, claiming that he is eligible for adjustment of status under section 245(a) of the Act, 8 U.S.C. § 1255(a) (2000). The DHS has also opposed the motion to remand. The respondent's appeal will be sustained in part and dismissed in part, and the record will be remanded to the Immigration Judge for further proceedings.

   With respect to the motion to remand, the respondent argues that he is eligible for adjustment of status because the visa petition filed by his mother was approved on February 1, 2005. However, the respondent has acknowledged that his priority date is not current. The respondent has therefore not established that he is prima facie eligible for adjustment of

status, so we would not remand the case on this basis. *See* 8 C.F.R. § 1003.2(c) (2006).

With respect to the appeal, the respondent argues that the Immigration Judge erred in finding him removable from the United States and in denying his application for a waiver under section 237(a)(1)(H) of the Act. The record reflects that on May 1, 1991, the respondent's father, who was a lawful permanent resident, filed a visa petition on behalf of the respondent as his single unmarried son under section 203(a)(2) of the Act, 8 U.S.C. § 1153(a)(2) (Supp. III 1991). The petition was approved on September 23, 1991, but the respondent's immigrant visa was not issued until December 28, 1994. The respondent was admitted to the United States on January 6, 1995, as the son of a lawful permanent resident.

However, the record further reflects that the respondent's father had died on August 2, 1993, after the visa petition had been approved, but before the immigrant visa had been issued. Consequently, the DHS alleged that the respondent obtained his visa by fraud or misrepresentation and originally charged him with being removable from the United States under section 237(a)(1)(A) of the Act because he was inadmissible at the time of entry under section 212(a)(6)(C)(i) of the Act, 8 U.S.C. § 1182(a)(6)(C)(i) (2000). Subsequently, the DHS withdrew the fraud charge and substituted an inadmissibility charge under section 212(a)(7)(A)(i)(I), alleging that the respondent did not have a valid visa or entry document when he was admitted into the United States.

Relying on the fact that the respondent, through counsel, conceded the charge against him, the Immigration Judge found the respondent removable under section 237(a)(1)(A) of the Act for having been inadmissible under section 212(a)(7)(A)(i)(I). The respondent sought to withdraw his plea on the charges against him, but the Immigration Judge denied the motion. Further, the Immigration Judge denied the respondent's application for a waiver under section 237(a)(1)(H) of the Act, finding that this waiver is only available to aliens who are charged with being inadmissible under section 212(a)(6)(C)(i). The respondent has appealed from this decision.

As a preliminary matter, we note that even if the respondent were allowed to withdraw his plea in this case, the facts in the record support a finding of removability. On September 23, 1991, the DHS approved the visa petition filed by the respondent's father. When the respondent's father died on August 2, 1993, before the respondent was admitted to the United States, the approval of the visa petition was automatically revoked. *See* 8 C.F.R.

§ 205.1(a)(3)(i)(C) (2006).[1]  Therefore, the respondent did not have a valid visa at the time of his admission to the United States in 1995.  For this reason, the respondent is removable under section 237(a)(1)(A) of the Act for having been inadmissible under section 212(a)(7)(A)(i)(I) when he was admitted to the United States.  Consequently, the respondent's appeal from the Immigration Judge's finding of removability will be dismissed.

We now turn to the respondent's application for the waiver of inadmissibility.  Section 237(a)(1)(H) of the Act provides, in pertinent part, as follows:

> The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible at the time of admission as aliens described in section 212(a)(6)(C)(i), whether willful or innocent, may, in the discretion of the Attorney General, be waived for an alien . . . who—
>
>  (i)(I) is the . . . son . . . of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and
>
>   (II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 212(a) which were a direct result of that fraud or misrepresentation.
>    . . . .
> A waiver of deportation for fraud or misrepresentation granted under this subparagraph shall also operate to waive deportation based on the grounds of inadmissibility directly resulting from such fraud or misrepresentation.

The Immigration Judge noted that the DHS did not ultimately charge the respondent with being removable on the ground that he was inadmissible under section 212(a)(6)(C)(i) of the Act at the time of admission.  Therefore, given the language of the statute, the Immigration Judge concluded that the respondent was not eligible for the waiver under section 237(a)(1)(H).  We disagree with the Immigration Judge's conclusion.

In section 8 of the Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, 95 Stat. 1611, 1616, Congress amended former section 241(f) of the Act, 8 U.S.C. § 1251(f) (1976), the statutory predecessor to current section 237(a)(1)(H).  The specific purpose of the amendment was to end litigation over essentially the same question presented here, i.e., whether the waiver of deportability should be available to an alien who believed he was admissible and made an innocent misrepresentation at the time of entry. Congress unequivocally answered this question in the affirmative.  S*ee* H.R. Rep. No. 97-264, at 25 (1981) ("The Committee

---

[1]  There is no claim that the Attorney General determined in his discretion that revocation of the respondent's visa petition was inappropriate for humanitarian reasons, as permitted by the regulations.

amendment reconciles the confusing and conflicting judicial and administrative interpretations of the scope of this provision, and clarifies that the waiver is . . . available for innocent (as well as fraudulent) misrepresentations."), *reprinted in* 1981 U.S.C.C.A.N. 2577, 2594, 1981 WL 21317.

Section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5079, recodified former section 241(f) of the Act in its current form at section 237(a)(1)(H) and added a reference to "aliens described in section 212(a)(6)(C)(i)." However, there is no persuasive reason to believe that Congress understood this conforming amendment as constituting an implicit repeal of the aforementioned 1981 amendment. Had Congress wished to repudiate the 1981 amendment and make the existence of an underlying fraud charge the sine qua non of eligibility for a section 237(a)(1)(H) waiver, it would have been simple enough to delete the reference to "innocent" misrepresentations; yet this was not done. Indeed, the current provision's reference to aliens "described in section 212(a)(6)(C)(i), whether willful or innocent" is a non sequitur, since the class of aliens "described in section 212(a)(6)(C)(i)" excludes by definition those who make innocent misrepresentations.

Given this ambiguity, and in the absence of some clearer indication that Congress wished to disavow the 1981 amendment, we conclude that section 237(a)(1)(H) of the Act is best interpreted as authorizing a waiver of removability under section 237(a)(1)(A) based on charges of inadmissibility at the time of entry under section 212(a)(7)(A)(i)(I) of the Act, as well as under section 212(a)(6)(C)(i), where there was a misrepresentation made at the time of admission, whether innocent or not. *See Cacho v. INS*, 547 F.2d 1057 (9th Cir. 1976) (holding that former section 241(f) forgives deportation charges grounded on former section 212(a)(20) of the Act, 8 U.S.C. § 1182(a)(20) (1976) (no valid immigrant visa), as well as on former section 212(a)(19) (fraud or willful misrepresentation)); *see also Persaud v. INS*, 537 F.2d 776 (3d Cir. 1976). We think that the statutory references in section 237(a)(1)(H) to "paragraphs (5)(A) and (7)(A) of section 212(a)" demonstrate that there are additional "grounds of inadmissibility directly resulting from such fraud or misrepresentation" that are subject to the waiver.

Under this interpretation, the respondent is eligible for a waiver of the ground of inadmissibility underlying his removal charge because of his inherent misrepresentation, whether innocent or not, respecting the validity of the visa petition at the time of his admission. For these reasons, we will sustain the respondent's appeal from the Immigration Judge's denial of his request for a waiver under section 237(a)(1)(H) of the Act and remand the record for further consideration of his waiver application.

**ORDER:**  The respondent's appeal is sustained in part and dismissed in part.

**FURTHER ORDER:**  The decision of the Immigration Judge is vacated in part, and the record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.