# Matter of Francis Jude FORJOE, Respondent

*Decided February 26, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The phrase "at the time of admission" in section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H) (2024), refers to an alien's lawful entry into the United States after inspection and authorization by an immigration officer and thus fraud and misrepresentations occurring at the time of adjustment of status cannot be waived under this provision. *Matter of Agour*, 26 I&N Dec. 566 (BIA 2015), overruled.

FOR THE RESPONDENT: Luis C. Villarroel, Esquire, Worthington, Ohio

FOR THE DEPARTMENT OF HOMELAND SECURITY: Martha Vanessa Alvarez, Assistant Legal Advisor

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER and GEMOETS, Appellate Immigration Judges.

HUNSUCKER, Appellate Immigration Judge:

In a decision dated September 20, 2021, the Immigration Judge denied the respondent's motion to terminate, application for a waiver under section 237(a)(1)(H) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(H) (2018); and application for a waiver under section 212(i) of the INA, 8 U.S.C. § 1182(i) (2018). The respondent appeals that decision. In dismissing the respondent's appeal, we overrule *Matter of Agour*, 26 I&N Dec. 566, 570 (BIA 2015), which held that an alien's adjustment of status constitutes an "admission" for purposes of the waiver at section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H). We now clarify that the term "admission" in section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), refers only to an alien's lawful entry into the United States after inspection and authorization by an immigration officer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The respondent, a native and citizen of Ghana, was admitted to the United States as a nonimmigrant in 1995. In 2002, the respondent entered into a fraudulent marriage with a United States citizen, "Emma," who filed a Form I-130, Petition for Alien Relative, on his behalf with United States Citizenship and Immigration Services ("USCIS"). While married to Emma, the respondent began a relationship with "Christy" who, like the respondent,

was from Ghana. The respondent and Christy had two children together in 2004 and 2007.

During the respondent's 2007 interview on a visa petition filed by Emma, the respondent did not disclose that he had fathered two children outside his marriage. USCIS approved the visa petition and granted the respondent's application for adjustment of status to a lawful permanent resident on July 17, 2007. The respondent and Emma subsequently divorced, and the respondent married Christy shortly thereafter.

The respondent filed for naturalization in 2012 and during the interview admitted that he was the father of his two previously undisclosed children. USCIS denied his application for naturalization and DHS initiated the instant removal proceedings in 2013, charging the respondent with removability as an alien who was inadmissible at the time of entry or adjustment of status under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A) (2012), for having procured a visa through fraud or willful misrepresentation of a material fact under section 212(a)(6)(C)(i) of the INA, 8 U.S.C. § 1182(a)(6)(C)(i) (2012). The respondent conceded removability in 2015.

As relief from removal, the respondent sought a waiver of removability for his prior misrepresentation under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H). The respondent also sought to adjust status based on an approved visa petition filed on his behalf by his current wife, Christy, who is now a naturalized United States citizen, as well as a waiver of inadmissibility. He also filed a motion to terminate his removal proceedings based on a noncompliant notice to appear.

The Immigration Judge denied the respondent's motion to terminate. The Immigration Judge further found the respondent's testimony not credible based on misrepresentations about Christy's relationship with his children and when she began living with him, his failure to disclose his children during the pendency of Emma's visa petitions, and the implausibility of his testimony that he would be unable to provide for himself in Ghana in light of his income as a finance analyst and his ownership of assets. While finding the respondent eligible for a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), pursuant to *Matter of Agour*, the Immigration Judge denied the waiver on discretionary grounds. Finally, the Immigration Judge denied the respondent's application for a waiver of inadmissibility under section 212(i) of the INA, 8 U.S.C. § 1182(i), and consequently his application for adjustment of status, because he failed to demonstrate that his removal would cause extreme hardship to a qualifying relative.

The respondent timely appealed, and we requested supplemental briefing regarding the respondent's statutory eligibility for a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H).[1]  We specifically asked the parties to address whether the Board improperly construed the term "admission," as used in section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), to include adjustment of status in *Matter of Agour*.  Both parties filed supplemental briefs, which we have evaluated in adjudicating the appeal.

## II.  ANALYSIS

### A.  Motion to Terminate

We review de novo whether the Immigration Judge properly denied the respondent's motion to terminate.  *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2026).  The respondent argues that his removal proceedings should be terminated because his notice to appear is missing the date and time information required under section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i) (2024).  The respondent filed his motion to terminate on August 16, 2021.  During the pendency of this appeal, the Board issued *Matter of Fernandes*, 28 I&N Dec. 605, 608–11 (BIA 2022), holding that section 239(a)(1) of the INA, 8 U.S.C. 1229(a)(1), is a claims processing rule and that an objection to a noncompliant notice to appear is timely if it is raised prior to the close of pleadings, which in this case occurred in 2015.  *See also Matter of Larios-Gutierrez de Pablo and Pablo-Larios*, 28 I&N Dec. 868, 875 (BIA 2024) (concluding that *Matter of Fernandes* applies retroactively).  We therefore agree with the Immigration Judge that the respondent did not timely raise his claims-processing objection to the noncompliant notice to appear and affirm the denial of the respondent's motion to terminate.

### B. Section 237(a)(1)(H) Waiver

Section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), provides, in relevant part:

> The provisions of this paragraph relating to the removal of aliens within the United States on the ground that they were inadmissible *at the time of admission* as aliens described in section 212(a)(6)(C)(i) [of the INA, 8 U.S.C. § 1182(a)(6)(C)(i)],

---

[1]   Prior to our seeking supplemental briefing, DHS had not filed a brief.  We disagree with the respondent's assertion that his appeal should therefore be deemed unopposed.  In adjudicating appeals, the Board has discretion to determine the impact, if any, of the lack of a brief from the opposing party.  The failure of DHS to file a brief in opposition does not amount to a concession that the respondent's appeal should be sustained.

> whether willful or innocent, may, in the discretion of the Attorney General, be waived for any alien . . . who—
>> (i)(I)  is the spouse, parent, son, or daughter of a citizen of the United States or of an alien lawfully admitted to the United States for permanent residence; and
>>> (II) was in possession of an immigrant visa or equivalent document and was otherwise admissible to the United States at the time of such admission[.]

(Emphasis added.)  Whether the respondent qualifies for a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), is a legal issue that we review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii).  In *Matter of Agour*, 26 I&N Dec. 566, 578–79 (BIA 2015), the Board held in a split decision that for the purposes of determining eligibility for a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), the phrase "at the time of admission" includes adjustment of status from within the United States.

The respondent asserts that reexamination of *Matter of Agour* is inappropriate because his statutory eligibility for a waiver was not in question before the Immigration Judge.  When called upon to review an issue on appeal, the Board may consider not only the issues involved, but also relevant precedent that could impact those issues, directly or indirectly.  *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 407 (2024) (recognizing that reexamination of a precedent's reasoning may be warranted, notwithstanding the doctrine of *stare decisis*); *Matter of Morales-Morales*, 28 I&N Dec. 714, 716 (BIA 2023) (reexamining whether the Board has authority to accept otherwise untimely appeals and overruling *Matter of Liadov*, 23 I&N Dec. 990 (BIA 2006)).  *See generally* 8 C.F.R. § 1003.1(g)(3)(ii)–(v) (2026) (discussing considerations for deciding to publish a precedent decision).  The Board has a duty to ensure that its precedent follows current law, and limiting our review of precedential decisions to cases in which an issue was directly on appeal could prevent erroneously decided issues from coming before us.

The question of whether the term "admission," as used in section 237(a)(1)(H), includes adjustment of status is one of statutory construction.  Based on the principles of statutory interpretation, we conclude that the phrase "at the time of admission" in section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), refers to an alien's lawful entry into the United States after inspection and authorization by an immigration officer and thus fraud and misrepresentations occurring at the time of adjustment of status cannot be waived under this provision.  In so concluding, we will overrule *Matter of Agour*.

1. Meaning of "Admission"

We begin our analysis by interpreting the plain language of the INA. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("As with any question of statutory interpretation, [the] analysis begins with the plain language of the statute."). The "at the time of admission" language in section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), provides a temporal context for when events must occur for the respondent to be eligible for the waiver. The INA defines "admission" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." INA § 101(a)(13)(A), 8 U.S.C. § 1101(a)(13)(A) (2024). Thus, the plain and natural meaning of the language of section 237(a)(1)(H) limits the waiver to fraud or misrepresentation at the time of an alien's lawful entry into the United States after inspection and authorization by an immigration officer.

Clear and unambiguous statutory language must be given its intended effect, except in rare cases where doing so would produce a result "demonstrably at odds with the intentions of its drafters." *Matter of Briones*, 24 I&N Dec. 355, 361 (BIA 2007) (quoting *Demarest v. Manspeaker*, 498 U.S. 184, 190–91 (1991)). An examination of the statutory predecessors to this waiver supports our conclusion that this is not a rare case where the clear and unambiguous meaning of "at the time of admission" in section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), may be extended to an alien's adjustment of status. *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole."); *Matter of Briones*, 24 I&N Dec. at 362–66 (considering statutory predecessors in interpreting the meaning of a statute).

The deportability ground for aliens who were excludable "at the time of entry" was first enacted in 1952 through the Immigration and Nationality Act, Pub. L. No. 82-414, § 241(a)(1), 66 Stat. 163, 204 (1952) (codified at 8 U.S.C. § 1251(a)(1) (1952)). In 1957, Congress created an exception from deportation for certain aliens who were excludable at the time of entry due to fraud or misrepresentation. Act of Sept. 11, 1957, Pub. L. No. 85-316, § 7, 71 Stat. 639, 640–41. Congress codified this fraud waiver in 1961 at former section 241(f) of the INA, 8 U.S.C. § 1251(f) (1964). Act of Sept. 26, 1961, Pub. L. No. 87-301, § 16, 75 Stat. 650, 655–56; *see also Matter of Agour*, 26 I&N Dec. at 575. It amended the fraud waiver in 1981 to clarify that it applied to innocent misrepresentations. Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, § 8, 95 Stat. 1611, 1616; *Matter of Fu*, 23 I&N Dec. 985, 987 (BIA 2006).

Later, through the Immigration Act of 1990, § 602(a), Pub. L. No. 101-649, 104 Stat. 4978, 5077–79, Congress amended the language of the deportation ground at former section 241(a)(1) of the INA, 8 U.S.C. § 1251(a)(1) (1994), expanding the ground of deportability to include aliens excludable at the time of entry or adjustment of status. *See also Matter of Agour*, 26 I&N Dec. at 576. Congress also repealed the waiver at former section 241(f) and added a waiver at former section 241(a)(1)(H) of the INA, 8 U.S.C. § 1251(a)(1)(H) (1994), which applied to "the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens described in section 212(a)(6)(C)(i)" of the INA, 8 U.S.C. § 1182(a)(6)(C)(i). Immigration Act of 1990, §§ 602(a), (b), 104 Stat. at 5079, 5081; *see also Matter of Agour*, 26 I&N Dec. at 576.

The final pertinent amendments were enacted via the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"). Congress replaced the definition of "entry" with the terms "admission" and "admitted" at section 101(a)(13)(A) of the INA, 8 U.S.C. § 1101(a)(13)(A) (Supp. II 1996). IIRIRA § 301(a), 110 Stat. at 3009-575; *accord Matter of Agour*, 26 I&N Dec. at 576. Congress further redesignated former section 241 of the INA, 8 U.S.C. § 1251, as section 237 of the INA, 8 U.S.C. § 1227, and amended the removal grounds to apply to any alien "in and admitted to" the United States falling within one or more of the classes of deportable aliens. IIRIRA § 301(d)(1), 305(a)(2), 110 Stat. at 3009-579, 3009-598; *Matter of Agour*, 26 I&N Dec. at 576–77.

Prior to IIRIRA, this Board and multiple courts of appeals—including the United States Court of Appeals for the Sixth Circuit, in whose jurisdiction this case arises—interpreted former section 241(f) as not allowing a waiver for fraud committed during adjustment of status, but only for fraud occurring at the time of entry. *See Pereira-Barreira v. U.S. Dep't. of Just., INS*, 523 F.2d 503, 507 (2d Cir. 1975) (rejecting the alien's argument that his adjustment of status constituted an "entry" into the United States that would qualify him to seek a waiver under former section 241(f)); *Khadjenouri v. INS*, 460 F.2d 461, 462 (9th Cir. 1972) (recognizing the difference between fraud to obtain entry and fraud after entry for purposes of the waiver under former section 241(f)); *Ferrante v. INS*, 399 F.2d 98, 104 (6th Cir. 1968) (stating that former section 241(f) "obviously applies to aliens who were excludable at the time of their entry by reason of some fraud or misrepresentation by which they gained entry"); *Matter of Connelly*, 19 I&N Dec. 156, 159 (BIA 1984) (holding that the waiver under former section 241(f) is limited to excludability grounds that existed at the time of an alien's entry into the United States, which cannot be "interpreted loosely" to include

a later moment when the alien applied for adjustment of status).  Nothing in the 1981 and 1990 amendments shows that Congress intended to broaden the waiver's scope to encompass fraud occurring in the context of adjustment of status.  *Matter of Agour*, 26 I&N Dec. at 583 (Pauley, dissenting).

We previously determined in *Matter of Agour*, 26 I&N Dec. at 577–78, that Congress' shifting of the focus of the waiver provision from "entry" to "admission" through IIRIRA supported the interpretation that an alien's adjustment of status constitutes an "admission" for purposes of the waiver at section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H).  However, upon reexamination of IIRIRA, the change in language from "entry" to "admission" appears to have been merely a conforming amendment, rather than one intended to have a substantive effect.  *See* IIRIRA, § 308(f)(1)(M), 110 Stat. at 3009-621 (inserting "admission" in place of "entry" at former section 241(a)(1)(H) of the INA, 8 U.S.C. § 1251(a)(1)(H), in a section titled "Redesignation and Reorganization of Other Provisions; Additional Conforming Amendments"); *see also Matter of Agour*, 26 I&N Dec. at 584 (Pauley, dissenting).  Conforming amendments are generally not construed as major changes to a statutory scheme, as Congress does not "hide elephants in mouseholes," by making "radical—but entirely implicit—change[s]" to the law through conforming amendments.  *Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 583 U.S. 416, 431 (2018) (alteration in original) (citations omitted).

Furthermore, IIRIRA left untouched section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A), which renders removable aliens who were inadmissible "at the time of entry or adjustment of status."  This stands in contrast to section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), which makes the fraud waiver available only to aliens "inadmissible at the time of admission."  In *Matter of Agour*, 26 I&N Dec. 577–78, we perceived this disparity as creating "tension" between sections 237(a)(1)(A) and (H), which we resolved by expanding the waiver to fraud and misrepresentation during adjustment of status, reasoning that such an interpretation comported with Congress' humanitarian goal of preventing familial separation.

In reexamining sections 237(a)(1)(A) and (H) in the context of their statutory predecessors, as well as circuit courts' and this Board's interpretation of these statutes, we discern no incongruity that supports extending the scope of the section 237(a)(1)(H) waiver beyond misrepresentations at the time of entry.  Whatever the policy arguments for such an expansion, Congress created the incongruity that we perceived in *Matter of Agour* in 1990 when it amended the deportability ground at former section 241(a)(1) of the INA, § 8 U.S.C. 1251(a)(1), to include aliens

excludable at the time of adjustment of status but did not similarly include adjustment of status in the waiver it created at former section 241(a)(1)(H) of the INA, 8 U.S.C. § 1251(a)(1)(H). Immigration Act of 1990, § 602(a), 104 Stat. at 5077–79.

We presume that Congress understood that it was treating adjustment of status differently in sections 237(a)(1)(A) and (H) of the INA. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citation omitted)). We also presume that Congress was aware of the noted case law interpreting section 237(a)(1)(H)'s predecessor as limited to waiving fraud or misrepresentation committed upon entry into the United States. *See Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1147 (6th Cir. 2022) (recognizing that "Congress is 'presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change'" (quoting *Lorillard v. Pons*, 434 U.S. 575, 580 (1978)). Congress could have explicitly expanded the section 237(a)(1)(H) waiver to cover aliens inadmissible at the time of adjustment of status through IIRIRA but did not. If Congress had intended to make such a departure from statutory history and case precedent through IIRIRA, it reasonably would have been expected to do so explicitly by referring to adjustment of status in section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H).[2] We are unaware of any legislative history of IIRIRA supporting the interpretation in *Matter of Agour*.

Finally, although the Board has found adjustment of status to constitute an admission in other contexts to avoid absurd or bizarre consequences, these cases do not justify contravening the clear and unambiguous language of section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H). We have previously held that for purposes of removability based on a conviction for an aggravated felony, adjustment of status constitutes an admission. *Matter of Chavez-Alvarez*, 26 I&N Dec. 274, 276 (BIA 2014). We noted that such an interpretation was necessary because aliens who entered the United States without inspection but later adjusted status would not be subject to grounds of inadmissibility under section 212(a) of the INA, 8 U.S.C. § 1182(a), and unless "adjustment of status qualifies as an 'admission,' they

---

[2] Congress has in other contexts indicated that it does not consider admission and adjustment of status to be the same. *See* INA § 212(h)(2), 8 U.S.C. § 1182(h)(2) (providing for a waiver where the Attorney General has "consented to the alien's applying or reapplying for . . . *admission* to the United States, *or adjustment of status* (emphasis added)).

would not be removable from the United States." *Id.* at 278; *see also Ocampo-Duran v. Ashcroft*, 254 F.3d 1133, 1134–35 (9th Cir. 2001) (noting that Congress would not create a loophole to removability for aliens who entered without inspection and were later convicted of an aggravated felony after adjusting status).

We also have held that aliens who adjusted status to lawful permanent residents under the Cuban Refugee Adjustment Act of November 2, 1966, Pub. L. No. 89-732, 80 Stat. 1161, as amended, have been "admitted to the United States" under section 237(a) of the INA, 8 U.S.C. § 1227(a), to avoid the absurd result of insulating such aliens from removability based on their criminal convictions. *Matter of Espinosa Guillot*, 25 I&N Dec. 653, 655–56 (BIA 2011). Finally, we have concluded that "admission" as used in the recidivist grounds at section 212(a)(9)(B)(i)(II) of the INA, 8 U.S.C. § 1181(a)(9)(B)(i)(II), includes adjustment of status because "[i]f the term 'admission' did not include . . . adjustment of status, then section 212(a)(9)(B)(i)(II) would preclude an alien from acquiring lawful permanent residence through admission as an immigrant at the border, but would permit the very same alien to evade this preclusion by simply entering the United States unlawfully and applying for adjustment." *Matter of Rodarte*, 23 I&N Dec. 905, 908 (BIA 2006). Congress would not have intended for the statute to incentivize an alien's illegal entry. *Id*.

We find it reasonable and compliant to define "admission," as provided in section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), by its plain and natural meaning as an entry after inspection.[3] Such interpretation permits a waiver only of fraud committed at the time of an alien's physical entry into the United States, rather than the time of his or her adjustment of status. *See Matter of Agour*, 26 I&N Dec. at 584 (Pauley, dissenting). As the previous discussion shows, this interpretation prevailed for many years without ever having been found "to result in bizarre or absurd consequences or to produce results so inequitable as to violate due process." *Id.* For these reasons, we overrule our holding in *Matter of Agour*, 26 I&N Dec. at 577–78, that an alien's adjustment of status constitutes an "admission" for purposes of the waiver at section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), and clarify that the phrase "at the time of admission" refers only to an alien's entry into the United States after inspection and authorization by an immigration officer.

---

[3] The instant decision is limited to the issue at hand and has no impact on other cases in which we considered whether adjustment of status may constitute an "admission" in the specific contexts presented.

## 2. Retroactivity

As we are explicitly overruling Board precedent in *Matter of Agour*, it is necessary for us to apply a retroactivity analysis. *See Matter of Cordero-Garcia*, 27 I&N Dec. 652, 656 (BIA 2019) ("A 'retroactivity analysis is only applicable when "an agency consciously overrules or otherwise alters its own rule or regulation," or "expressly considers and openly departs from a circuit court decision."'" (quoting *Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1276 (9th Cir. 2018))). The test for retroactivity requires the Board to consider the following factors:

> (1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.

*Id.* at 658 (citation omitted). Although the issue presented here is not one of first impression, as noted above, we are explicitly overruling longstanding Board precedent to the contrary, and the first three factors in the test articulated above thus support applying our holding prospectively.

Further, our holding will effectuate a significant change with respect to the longstanding rule that had provided a broader interpretation regarding whether an alien's adjustment of status constitutes an "admission" for purposes of the waiver at section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H). As to the fifth factor in the test above, our interest in applying the new rule articulated does not outweigh the past expectations on the prior rule, particularly as it was articulated in Board precedent, and therefore this decision will be applied only prospectively.

## 3. Discretion

As we are overruling *Matter of Agour* but applying this rule only prospectively, we must address the parties' arguments concerning whether the Immigration Judge erroneously concluded that the respondent failed to show that his application for a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), should be granted as a matter of discretion. *See Matter of Agour*, 26 I&N Dec. at 582 (recognizing that an applicant for a waiver under section 237(a)(1)(H) must show that he or she merits relief in the exercise of discretion). We will affirm the discretionary denial.

Determining whether a favorable exercise of discretion is warranted for purposes of a section 237(a)(1)(H) waiver "necessitates a balancing of an alien's undesirability as a permanent resident with the social and humane considerations present." *Matter of M-C-C-*, 29 I&N Dec. 401, 406 (BIA 2026) (quoting *Matter of Tijam*, 22 I&N Dec. 408, 412 (BIA 1998)). Relevant adverse factors include "the nature and underlying circumstances of the fraud or misrepresentation involved; the nature, seriousness, and recency of any criminal record; and any other additional evidence of the alien's bad character or undesirability as a lawful permanent resident." *Id.* (quoting *Matter of Tijam*, 22 I&N Dec. at 412). "Favorable factors include 'family ties in the United States; residence of a long duration in this country, particularly where it commenced when the alien was young; evidence of hardship to the alien or his family if deportation occurs; a stable employment history; the existence of property or business ties; evidence of value and service to the community; and other evidence of the alien's good character.'" *Id.* (quoting *Matter of Tijam*, 22 I&N Dec. at 412–13).

The respondent's equities include his residence in the United States for over 30 years, his United States citizen children, and his longstanding employment and payment of taxes. At the same time, the Immigration Judge did not clearly err in finding that the respondent entered into a fraudulent marriage with his ex-wife Emma and adjusted status as a result of that marriage. We affirm the Immigration Judge's finding that the respondent willfully misled immigration officials about his relationship and children with Christy for over 20 years, and if immigration officials had known of these material facts, they likely would have denied his applications. *See id.* at 404 (recognizing that a misrepresentation is "material" if it tends to shut off a line of inquiry that predictably would have disclosed facts relevant to the alien's admissibility). The Immigration Judge permissibly found that the respondent's repeated misrepresentations to government officials lessen the significance of the equities he accrued while residing in the United States with the status he obtained as a result of those misrepresentations. *See id.* at 409. Overall, we affirm the Immigration Judge's denial of the respondent's application for a section 237(a)(1)(H) waiver because he has not shown that a favorable exercise of discretion is in the best interests of the United States.

## C. Section 212(i) Waiver

The respondent seeks to reapply for adjustment of status based on the approved visa petition filed by his current wife. In conjunction with his application for adjustment of status, he has filed a Form I-601, Application for Waiver of Grounds of Inadmissibility, seeking to waive his

inadmissibility for fraud or misrepresentation of a material fact under section 212(a)(6)(C)(i) of the INA, 8 U.S.C. § 1182(a)(6)(C)(i).[4] Section 212(i) of the INA, 8 U.S.C. § 1182(i), provides for a discretionary waiver of inadmissibility based on fraud or misrepresentation for aliens who can demonstrate that the refusal of admission to the United States would result in extreme hardship to their United States citizen or lawful permanent resident spouse or parent.[5] We review de novo the Immigration Judge's ruling that the respondent did not establish the requisite extreme hardship. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

The respondent asserts that his United States citizen wife Christy was previously in an abusive relationship, and she will suffer extreme hardship upon his removal in the form of emotional and psychological hardship resulting from loss of the spouse she relies upon for more than just financial support. The respondent also claims that if his wife and children accompany him to Ghana, they would experience financial hardship caused by his and his wife's inability to obtain comparable employment and hardship due to the difficulties in adapting to life in a new country.

The Immigration Judge did not clearly err in finding that the respondent and Christy have each earned significant annual salaries while employed at a well-known financial company, the respondent would be eligible for Social Security upon retirement, and he owns a home subject to a mortgage. Further, Christy and the children are not reliant on the respondent for health insurance coverage because Christy may obtain her own coverage through her and the respondent's employer. The Immigration Judge thus permissibly found that Christy could support herself and the children financially even without the respondent's income. *See Matter of Pilch*, 21 I&N Dec. 627, 630–31 (BIA 1996) (concluding that, while relevant, economic detriment and loss of one's present standard of living do not to support a finding of extreme hardship), *aff'd*, 129 F.3d 969 (7th Cir. 1997).

In addition, while we acknowledge the emotional hardship that Christy will experience upon the respondent's removal from the United States, separation from a family member is common in removal proceedings and does not rise to the level of extreme hardship. *See id.* at 631. Cultural

---

[4]  Although the Immigration Judge states that the respondent seeks to waive criminal grounds of inadmissibility, there is no indication in the record that the respondent is inadmissible based on criminal grounds. We consider this error harmless.

[5]  Although the Immigration Judge and the respondent refer to hardship suffered by the respondent's children, such hardship is not a basis for a section 212(i) waiver and is only relevant to the extent it affects the hardship suffered by the respondent's spouse.

adjustment also does not constitute extreme hardship. *See id.* at 632. We therefore affirm the denial of a waiver of inadmissibility under section 212(i) of the INA, 8 U.S.C. § 1182(i), because the respondent has not demonstrated that his removal would cause extreme hardship to his United States citizen spouse.[6]

## III. CONCLUSION

Based on the foregoing, the respondent has not shown that termination is warranted or that he merits waivers under sections 237(a)(1)(H) and 212(i) of the INA, 8 U.S.C. §§ 1227(a)(1)(H), 1182(i). We affirm the decision of the Immigration Judge denying the respondent's motion and waivers. We further overrule the holding in *Matter of Agour*, 26 I&N Dec. at 570, that an alien's adjustment of status constitutes an "admission" for purposes of the waiver at section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), and clarify that the term "inadmissible at the time of admission" refers only to an alien's lawful entry into the United States after inspection and authorization by an immigration officer.

**ORDER:** The appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while under an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).

---

[6]   Thus, it unnecessary to determine whether the respondent has shown that he satisfies other requirements for obtaining adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a) (2024). *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Matter of L-A-C-*, 26 I&N Dec. 516, 526 n.7 (BIA 2015) (declining to reach alternative issues on appeal regarding ineligibility for relief where an applicant is otherwise statutorily ineligible for such relief).