# Matter of Felipe De Jesus HERRERA-NUNEZ, Respondent

*Decided June 12, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien subject to a final removal order should first request a stay from the Department of Homeland Security prior to the Board considering a stay request filed in connection with a motion to reopen or reconsider a Board or Immigration Court order.

FOR THE RESPONDENT:  Isadora Velazquez-Rivas, Esquire, Miami, Florida

BEFORE:  Board Panel:  MALPHRUS, Chief Appellate Immigration Judge; CHABAN, Appellate Immigration Judge; WHITE, Temporary Appellate Immigration Judge.

MALPHRUS, Chief Appellate Immigration Judge:

The respondent, a native and citizen of Mexico, has filed a request for a stay of removal pending adjudication of his concurrently filed motion to reopen.[1]

The order of removal entered by the Immigration Judge became administratively final on October 5, 2015, when we dismissed the respondent's appeal.  *See* 8 C.F.R. § 1241.1(a) (2026).  The respondent filed his untimely motion to reopen nearly a decade later in May 2025.  Given the untimeliness of his motion to reopen, we may only grant it through the exercise of our discretionary authority to reopen sua sponte under 8 C.F.R. § 1003.2(a) (2026).  *See* section 240(c)(7)(C)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(c)(7)(C)(i) (2024) (providing a 90-day deadline for motions to reopen).  The respondent provided evidence with his motion showing that, in 2019, he married a United States citizen who then filed an immigrant visa petition on his behalf which remains pending with the United States Citizenship and Immigration Services, and that they had a United States citizen child together in 2020.  The respondent requests reopening to apply for adjustment of status to lawful permanent resident and requests a stay of removal during the pendency of his motion.

---

[1]  This is an interim order.  The respondent's motion to reopen remains pending before the Board and will be addressed in a separate decision.

The Department of Homeland Security ("DHS") has exclusive authority under section 241(a)(1) of the INA, 8 U.S.C. § 1231(a)(1) (2024), to execute a removal order entered by an Immigration Judge by physically removing the subject alien from the United States.[2]  *See* 8 C.F.R. § 241.2 (2026).  An alien subject to a final removal order may request a discretionary stay of removal from DHS at any time.  8 C.F.R. § 241.6 (2026).  An alien with a pending motion to reopen or reconsider a final order before the Board or Immigration Court may request a discretionary stay of removal from the adjudicative body with jurisdiction over the motion.  *See* 8 C.F.R. §§ 1003.2(f), 1003.23(b)(1)(v) (2026).  An alien with a pending appeal of an Immigration Judge's decision denying his motion to reopen may also request a discretionary stay from the Board.[3]  8 C.F.R. § 1003.6(b) (2026).  A prior denial of a stay request by DHS does not preclude the Board or an Immigration Judge from granting a discretionary stay in connection with a pending motion.  8 C.F.R. § 1241.6(b) (2026).

As set forth above, under the regulations, an alien subject to a final removal order with a pending motion to reopen or reconsider may choose to request a discretionary stay of removal from DHS, the adjudicative body within the Executive Office for Immigration Review ("EOIR") having jurisdiction over the motion, or both.  This creates the needless potential for duplicative efforts by DHS and EOIR adjudicators when an alien separately requests a discretionary stay from each agency.  Many aliens who file a motion to reopen or reconsider also submit a request for stay of removal with the Board or Immigration Court, which adds to EOIR's already "overburdened" docket.  *Moncrieffe v. Holder*, 569 U.S. 184, 201 (2013); *see also Quinteros v. Att'y Gen. of U.S.*, 945 F.3d 772, 794 (3d Cir. 2019) (McKee, J., concurring) (recognizing "the incredible caseload foisted upon" the Board and "the fact that [Appellate Immigration Judges] (and [Immigration Judges] for that matter) are horrendously overworked").

The decision whether to grant or deny a stay request is subject to our discretion, *Dada v. Mukasey*, 554 U.S. 1, 21 (2008), and we have the

---

[2]  Pursuant to section 1517 of the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107-296, 116 Stat. 2135, 2311 (codified at 6 U.S.C. § 557 (2006)), any reference to the Attorney General in a provision of the INA describing functions that were transferred from the Attorney General or other Department of Justice official to DHS by the HSA "shall be deemed to refer to the Secretary" of Homeland Security.

[3]  The filing of a motion to reopen and rescind an in absentia removal order entered under section 240(b)(5)(C) of the INA, 8 U.S.C. § 1229a(b)(5)(C) (2024), automatically stays execution of the order.  8 C.F.R. § 1003.23(b)(4)(ii) (2026).

authority to announce "a general policy by which [our] exercise of discretion will be governed," *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 32 (1996). *See also Reyes v. Garland*, 11 F.4th 985, 992 (9th Cir. 2021) (explaining that the Board "establishes policy only through its precedential decisions"). We also have "authority to prescribe [our] own rules of procedure" consistent with "the broad limits imposed by the Due Process Clause." *Lopez v. Garland*, 60 F.4th 1208, 1212 (9th Cir. 2023); *see also Mejia-Alvarenga v. Garland*, 95 F.4th 319, 326–27 (5th Cir. 2024) ("Because Congress has given the [Board] the responsibility to conduct its own proceedings, the agency should be free to fashion its own rules of procedure and to pursue methods of inquiry capable of permitting it to discharge its multitudinous duties." (citation modified)).

With these considerations in mind, as a general policy going forward, an alien subject to a final removal order should first request a stay from DHS prior to the Board considering a stay request filed in connection with a motion to reopen or reconsider a Board or Immigration Court order. *Cf. Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) (per curiam) (holding that "procedural default rules are consistent with" the Board's "authority to prescribe procedural rules that govern the proceedings before it"). Going forward, an alien should first request a stay from DHS and submit proof that he or she requested a stay from DHS. The stay request generally should be submitted to DHS with an adequate amount of time for DHS to respond, and the alien should file a copy of DHS' decision with the Board as part of the stay request with the Board. If not, the alien should provide an explanation as to why the request was not filed with DHS with an adequate amount of time for DHS to respond.[4]

As the agency with the sole authority and discretion to decide whether to execute a removal order, and sometimes exercising physical custody over the subject alien, we believe that DHS is best situated to entertain stay requests initially. We also believe that this requirement will serve the interests of administrative efficiency, conservation of EOIR's limited adjudicatory resources, and the orderly processing of discretionary stay requests. If DHS

---

[4] Stay requests are categorized as either emergency or non-emergency, where an "emergency" stay request may be ruled on immediately and "non-emergency" stay requests are considered during the normal course of adjudication. EOIR Policy Manual, Part III: Board Practice Manual, § 5.3(c)(2)(A)–(B) (Mar. 18, 2026). A stay request is considered an emergency only "when an alien is in DHS's physical custody and removal, deportation, or exclusion is imminent." *Id.* at § 5.3(c)(2)(A). We recognize that there may be circumstances where the stay request is made on an emergency basis and there was not adequate time to submit the request to DHS with sufficient time for DHS to act on the stay.

grants a stay request, there is no need for the Board to devote its limited resources to adjudicating the matter or communicating the grant of a stay to the parties.  And since DHS' denial of a stay request does not "preclude an [I[mmigration [J]udge or the Board from granting a stay in connection with" a pending motion, 8 C.F.R. § 1241.6(b), aliens will not be deprived of a full and fair opportunity to request a stay from the Board or an Immigration Judge.[5]  The Board maintains the discretionary authority to consider a stay request in connection with any pending motion.

We will only apply the new rule we announce today prospectively to stay requests filed after this decision.  *See Matter of Forjoe*, 29 I&N Dec. 463, 472 (BIA 2026) (discussing the relevant factors in deciding whether to apply a new rule retroactively).  The merits of the respondent's request for a stay of removal will be addressed in a separate order.

IT IS SO ORDERED.

---

[5]  We recognize that DHS charges a fee for stay requests.  8 C.F.R. § 103.7(d)(6).  However, DHS may waive such fees.  *Id.*