# Matter of J-H-M-H-, Respondent

*Decided October 7, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In making findings of fact and conclusions of law, Immigration Judges exercise independent judgment and are not required to accept party stipulations.

FOR THE RESPONDENT: Kerry Q. Battenfeld, Esquire, Buffalo, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Sydney V. Probst, Assistant Chief Counsel

BEFORE: Board Panel: MULLANE, GOODWIN, and GEMOETS, Appellate Immigration Judges.

GOODWIN, Appellate Immigration Judge:

In a decision issued on March 25, 2024, the Immigration Judge denied the respondent's application for deferral of removal under the regulations implementing the Convention Against Torture ("CAT").[1] The respondent and the Department of Homeland Security ("DHS") filed a joint motion to reconsider the denial of CAT protection. While the motion was pending before the Immigration Judge, the respondent appealed the denial of CAT protection to the Board. The Immigration Judge denied the motion on May 1, 2024. The respondent appealed both decisions.[2] The two appeals are

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2025); 8 C.F.R. § 1208.18(a) (2020).

[2] The respondent conceded ineligibility for asylum based on the untimely filing of the asylum application. The respondent also does not challenge the Immigration Judge's denial of the application for withholding of removal under section 241(b)(3)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(A) (2018). Therefore, we deem waived any further argument or evidence on these applications. *See Matter of P-B-B-*, 28 I&N Dec. 43, 44 n.1 (BIA 2020) (stating that arguments not raised on appeal are deemed waived).

consolidated before the Board.[3]  DHS has filed a submission maintaining its stipulation to a grant of CAT protection.  The appeals will be dismissed.

The respondent is a native and citizen of Honduras.  The respondent claims a fear of torture in Honduras because the respondent is a transgender woman.  On October 27, 2023, the respondent and DHS submitted a Memorandum in Support of Joint Stipulation.  Before the Immigration Judge, the parties stipulated that the respondent identifies as a transgender woman, that the testimony would be consistent with the written materials submitted, and that the respondent was eligible for deferral of removal under the regulations implementing the CAT.  The Immigration Judge rejected the joint stipulation and set the case for hearings to take testimony.  Although given multiple opportunities to do so, the respondent did not testify in support of the claim, seeking to rely on the contents of the application, the personal statement, and the stipulation agreement.

Relying on *Matter of Fefe*, 20 I&N Dec. 116 (BIA 1989), the Immigration Judge rejected the parties' joint stipulation, finding that the respondent's credibility could not be ascertained without testimony.  The Immigration Judge also found the respondent not credible, in part, based on conflicting documentary evidence regarding the conduct that led to the respondent's felony conviction.

On appeal, the respondent argues that the Immigration Judge erred in finding that the parties did not stipulate that the respondent would testify credibly as to the contents of the application and personal statement.  At the time the parties submitted the joint stipulation, the respondent had not submitted the personal statement or the updated asylum application.  Thus, we discern no clear error in the Immigration Judge's finding that the joint stipulation could not be interpreted to agree to exhibits that were not in the record at the time of the stipulation.  *See* 8 C.F.R. § 1003.1(d)(3)(i) (2025).

The respondent further argues that the Immigration Judge erred in rejecting the parties' joint stipulation.  Specifically, the respondent contends that the Immigration Judge misinterpreted *Matter of Fefe* to require

---

[3]  Because the parties' joint motion to reconsider was still pending at the time the respondent filed the initial appeal on April 24, 2024, the Immigration Judge no longer had jurisdiction over this motion at the time he issued his May 1, 2024, decision.  *See* 8 C.F.R. § 1003.23(b)(1) (2020) (stating that an Immigration Judge may "reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals").  Under such circumstances, we may deem the motion to reconsider a motion to remand and consolidate it with the underlying appeal.  *See* 8 C.F.R. § 1003.2(b)(1) (2025).

testimony even when the parties have entered into a joint stipulation. In *Matter of Fefe*, 20 I&N Dec. at 118, we held that, at a minimum, the regulations require that an asylum or withholding applicant take the stand, be placed under oath, and be questioned as to whether the information in his or her written application is complete and correct, and that the examination of an applicant will ordinarily be this brief only where the parties have stipulated that the applicant's oral testimony would be consistent with his or her written application and be believably presented.

The reliance on *Matter of Fefe* in this case is entirely misplaced. As we recently recognized in *Matter of H-A-A-V-*, 29 I&N Dec. 233, 236 (BIA 2025), *Matter of Fefe* "is no longer binding precedent," as it predated the enactment of statutory provisions regarding the rights of respondents to present evidence in removal proceedings and relied on regulations that are no longer in effect.[4] Thus, the issue in this case is not compliance with *Matter of Fefe*.

Rather, the issue is an Immigration Judge's duty to adjudicate applications for relief and requests for protection. The regulation at 8 C.F.R. § 1003.10(b) (2025) states: "In deciding the individual cases before them . . . immigration judges shall exercise their *independent* judgment and discretion and may take any action consistent with their authorities under the Act and regulations that is necessary or appropriate for the disposition or alternative resolution of such cases." (Emphasis added.) While we have previously recognized the value of parties' agreement on issues, *see Matter of Yewondwosen*, 21 I&N Dec. 1025, 1026 (BIA 1997), the views of the parties do not supersede an Immigration Judge's duty to exercise independent judgment.

Immigration Judges have broad discretion in conducting immigration proceedings and admitting and considering evidence. *Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010). While an Immigration Judge may accept the parties' stipulations in lieu of evidence, he or she is not required to do so. *See id.* Nor is an Immigration Judge bound by parties' stipulations as to the legal issue of whether a respondent has satisfied his or her burden of proof for relief or protection because legal stipulations cannot

---

[4]   Immigration Judges continue to have the authority to employ the minimal testimonial procedure discussed in *Matter of Fefe*, but their decision to do so is completely discretionary. *See Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010) ("Immigration Judges have broad discretion to conduct and control immigration proceedings and to admit and consider relevant and probative evidence."). There is no requirement that Immigration Judges adopt an abbreviated procedure, even if the parties stipulate to one.

be binding.[5] *See Avila v. INS*, 731 F.2d 616, 620–21 (9th Cir. 1984) (noting that a stipulation of law is not binding). The authority to conduct removal proceedings and decide whether an alien is removable from the United States is delegated by statute to the Immigration Judge, not to DHS or the respondent. *See* sections 240(a)(1) and (c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229a(a)(1), (c) (2018). An Immigration Judge is not exercising independent judgment if he or she is required to accept stipulations from the parties. *See* 8 C.F.R. § 1003.10(b); *see also Hoodho v. Holder*, 558 F.3d 184, 192 n.7 (2d Cir. 2009) (recognizing that an Immigration Judge need not "mechanically accept" a concession by a party and "may probe the basis for the concession" where the Immigration Judge "has reason to believe that a mistake might have been made"). Thus, we conclude that in making findings of fact and conclusions of law, Immigration Judges exercise independent judgment and are not required to accept party stipulations.

In this case, the Immigration Judge advised the parties that he would not accept the joint stipulation and offered the respondent multiple opportunities to testify. Where, as here, the respondent makes the tactical decision not to testify, it is neither erroneous nor a due process violation for the Immigration Judge to reject the parties' stipulations and employ independent judgment—as required by the INA and the regulations—to conclude that the respondent has not satisfied his or her burden of proof for the requested relief or protection.

Turning to the merits of the respondent's application for deferral of removal under the CAT, we agree with the Immigration Judge that the respondent did not establish that it is more likely than not that the respondent will be tortured in Honduras.[6] *See* 8 C.F.R. § 1208.16(c)(2) (2025); 8 C.F.R. 1208.18(a)(1) (2020). The Board reviews for clear error the Immigration Judge's factual findings regarding what will happen to the respondent in Honduras but reviews de novo whether the predicted outcome satisfies the regulatory definition of torture and whether the respondent has satisfied the required burden of proof. *See Matter of R-A-F-*, 27 I&N Dec. 778, 779–80 (A.G. 2020); 8 C.F.R. § 1003.1(d)(3)(i), (ii).

---

[5] The parties in this case stipulated to both facts and to the respondent's eligibility for CAT protection, but eligibility for CAT involves both factual and legal determinations, and it is for the Immigration Judge to determine whether the respondent has satisfied the burden of proof.

[6] We do not rely on the Immigration Judge's adverse credibility finding with regard to CAT eligibility.

The Immigration Judge assessed the record evidence, including country condition reports, the expert witness' testimony, and the respondent's personal statement.  After considering the totality of the evidence, the Immigration Judge concluded that the record was insufficient to show that the respondent would more likely than not be tortured in Honduras.  On appeal, the respondent points to evidence of transgender persons being harassed, beaten, and ill-treated by police, noting the expert witness' testimony that a Honduran law giving police authority to arrest those who violate modesty, proper conduct, and public morals has routinely been used against LGBT persons.  The respondent also points to the 2009 killing of a transgender woman on the streets of San Pedro Sula and the finding by the Inter-American Commission on Human Rights that the Honduran government was responsible for the death.

The analysis of CAT involves a two-step inquiry.  "First, the applicant must show that, in his or her particular situation, it is more likely than not that he or she will be harmed upon removal in a way recognized by [8 C.F.R. §] 1208.18(a)." *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022).  In determining whether an alien is more likely than not to be tortured in the country of removal, we consider all relevant evidence, including evidence of (1) past torture, (2) the alien's ability to safely relocate, (3) gross, flagrant, or mass violations of human rights in a country, and (4) other relevant country conditions.  8 C.F.R. § 1208.16(c)(3).

We accept as true that the respondent is a transgender woman and consider the respondent's claim of past harm credible.  The Immigration Judge found that the respondent suffered serious harm by private individuals as a child in Honduras.  However, evidence that the respondent was sexually abused in Honduras more than 20 years ago does not establish that the respondent will suffer similar harm upon removal.  *See generally Ming Li Hui v. Holder*, 769 F.3d 984, 986 (8th Cir. 2014) (recognizing that a change in age, from a child to an adult, can be a fundamental change in circumstances rebutting a presumption of future persecution).

The death of the respondent's brother in Honduras in 2007 likewise does not provide sufficient evidence, when considered with other relevant factors, that the respondent will suffer similar harm.  Although the respondent's statement says that the respondent's brother dressed as a woman while living in the United States and was killed within days of being deported to Honduras, the respondent did not provide any details regarding the circumstances or motive for the killing.  Thus, we cannot determine who killed the brother and whether the brother was killed for being transgender or for some unrelated reason.

We recognize that the respondent has submitted substantial country conditions evidence of discrimination and ill treatment of LGBT persons, including transgender women, and that some of the harm is committed by public officials. While some of this harm is severe, and the respondent has presented evidence of transgender women being killed, anecdotal evidence of some individuals suffering severe harm is not sufficient to show that a particular alien is more likely than not to suffer harm rising to that level. *See Matter of A-A-R-*, 29 I&N Dec. 38, 41–42 (BIA 2025); *see also Matter of J-E-*, 23 I&N Dec. 291, 303–304 (BIA 2002) (concluding that the alien had failed to establish that instances of severe mistreatment were so pervasive as to establish a probability that he would suffer harm constituting torture). Based on the record before us, we discern no clear error in the Immigration Judge's finding that the evidence does not establish that the respondent will suffer severe harm rising to the level of torture if removed to Honduras. *See Matter of R-A-F-*, 27 I&N Dec. at 779 (noting that the Board reviews predictive findings for clear error); *see also Matter of A-A-R-*, 29 I&N Dec. at 41 (distinguishing between factual findings regarding the type and likelihood of mistreatment with the legal determination that this mistreatment constitutes torture).

As the respondent has not established the first step of the two-step inquiry for CAT, we need not analyze the second step of whether the harm will be "inflicted by, or at the instigation of, or with the consent or acquiescence, of a public official." *Garcia-Aranda*, 53 F.4th at 759 (quoting 8 C.F.R. § 1208.18(a)(1)). To the extent the respondent claims harm by private actors, including gangs, in addition to the police, we need not address the respondent's arguments regarding government acquiescence because the respondent has not demonstrated a sufficient likelihood of harm rising to the level of torture. *See Matter of L-A-C-*, 26 I&N Dec. 516, 526 n.7 (BIA 2015) (declining to reach alternative issues on appeal regarding ineligibility for relief where an applicant is otherwise statutorily ineligible for such relief). We affirm the Immigration Judge's ultimate legal determination that the respondent has not met the burden of proof for CAT protection. *See* 8 C.F.R. § 1208.16(c)(2). The respondent's appeal of the Immigration Judge's denial of deferral of removal under the CAT will be dismissed.

For the reasons discussed above, we will also dismiss the respondent's appeal of the Immigration Judge's denial of the parties' joint motion to reconsider. The joint motion to reconsider presented the same arguments as previously addressed regarding the Immigration Judge's rejection of the parties' joint stipulation. As we have determined that the Immigration Judge did not err in rejecting the joint stipulation and have affirmed the denial of CAT protection, the joint motion to reconsider did not demonstrate any error

of fact or law in the Immigration Judge's March 25, 2024, decision. *See* 8 C.F.R. § 1003.2(b)(1) (2025).

**ORDER:**   The respondent's appeal of the Immigration Judge's March 25, 2024, decision denying deferral of removal under the CAT is dismissed.

**FURTHER ORDER:**   The respondent's appeal of the Immigration Judge's May 1, 2024, decision denying the motion to reconsider is dismissed.