# Matter of D-J-L-, Applicant

*Decided March 5, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where an expert witness' background and testimony reflect a reluctance to consider contrary evidence and an inability to impartially assess matters involving the removal of persons to a given country, an Immigration Judge errs in giving the testimony of that witness significant weight.

FOR THE APPLICANT: Philip T. Issa, Esquire, Miami, Florida

FOR THE DEPARTMENT OF HOMELAND SECURITY: Margarita I. Cimadevilla, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER, GEMOETS, and VOLKERT, Appellate Immigration Judges.

HUNSUCKER, Appellate Immigration Judge:

This case was last before the Board on July 9, 2024, when we remanded the record to the Immigration Judge to further consider the applicant's eligibility for deferral of removal under the regulations implementing the Convention Against Torture ("CAT").[1] On March 24, 2025, the Immigration Judge issued a new decision granting the applicant's application for CAT deferral.[2] The Department of Homeland Security ("DHS") appeals from that decision, arguing that the Immigration Judge erred in relying on the testimony of the expert witness. The applicant, a native and citizen of Haiti, opposes the appeal. We will sustain the appeal and vacate the Immigration Judge's March 24, 2025, decision. The applicant will be removed to Haiti pursuant to the reinstated order of removal.

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).

[2] In its brief, the Department of Homeland Security refers to March 21, 2025, as the date of the Immigration Judge's decision. Although the Immigration Judge signed the decision on March 21, 2025, the decision was not served on the parties until March 24, 2025.

The applicant contends that as a criminal deportee who suffers from mental illness, he will be subject to indefinite detention upon removal to Haiti, will suffer deteriorating mental illness because of the conditions in detention and lack of medical care, and will be personally targeted for torture by Haitian Government officials. The applicant also fears that he will be targeted and tortured by criminal gangs with the acquiescence of the Haitian Government.

The Immigration Judge found that although the applicant did not previously suffer torture in Haiti, he would face different and significantly more dangerous circumstances upon his return. The Immigration Judge found that the applicant would be subject to indefinite detention if deported because he would be unable to bribe his way out of detention, and he would be personally targeted with the most severe abuses in detention due to his significant physical and mental illnesses. The Immigration Judge further found that while in detention in a Haitian prison the applicant would be more likely than not to be starved, deprived of medical care for his physical and psychological conditions, viewed as a danger due to his behavior and physical manifestations on account of his head injury and migraines, and tortured and/or killed. The Immigration Judge determined that the cumulative conditions of detention the applicant would experience in prison amount to torture by the Haitian Government. Finally, the Immigration Judge also found that it is more likely than not a public official would acquiesce to the applicant's torture by criminal gangs if he were released. Accordingly, the Immigration Judge granted the applicant's request for CAT deferral.

The Immigration Judge erred in determining that the applicant will more likely than not suffer harm amounting to torture in Haiti. *See Matter of R-A-F-*, 27 I&N Dec. 778, 779 (A.G. 2020) (holding that while the Board reviews for clear error predictive findings about what will occur, whether the predicted outcome satisfies the regulatory definition of torture is a legal issue subject to de novo review). As supporting evidence, the applicant presented the testimony and declaration of Michelle Karshan, the founder and Executive Director of a nonprofit organization that assists deportees in Haiti. The Immigration Judge found Ms. Karshan to be a qualified expert witness, determined that her declaration was reliable and probative, and relied heavily upon her testimony and declaration in determining that the applicant established a clear probability of torture in Haiti.

Immigration Court proceedings are not bound by strict rules of evidence. *See Matter of E-F-N-*, 28 I&N Dec. 591, 593 (BIA 2022). "[T]he 'sole test for admission of evidence is whether the evidence is probative and its

admission is fundamentally fair.'"  *Id.* (quoting *Matter of D-R-*, 25 I&N Dec. 445, 458 (BIA 2011), *remanded on other grounds sub nom., Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015)).   Under this generous standard of admissibility, we have defined an expert witness broadly as someone who, by "knowledge, skill, experience, training, or education," has "scientific, technical, or other specialized knowledge" that will help the trier of fact to understand the evidence or to determine a fact at issue.  *Matter of D-R-*, 25 I&N Dec. at 459 (quoting Fed. R. Evid. 702); *accord Matter of M-A-M-Z-*, 28 I&N Dec. 173, 177 (BIA 2020).

An Immigration Judge has broad discretion regarding whether to admit evidence and is also given significant deference regarding the evidentiary weight to accord any particular evidence, including testimony.  *See Matter of D-R-*, 25 I&N Dec. at 458.  Nothing requires an Immigration Judge to give special consideration to the testimony or declaration of an expert witness.  *See Matter of M-A-M-Z-*, 28 I&N Dec. at 177 ("Expert witness testimony is evidence and so is treated the same as all evidence in immigration proceedings, where the Immigration Judge is the trier of fact and weighs the evidence in accordance with that role."); *Matter of J-G-T-*, 28 I&N Dec. 97, 105–06 (BIA 2020) (holding that an Immigration Judge should weigh the expert testimony against contradictory evidence in the record).   "An Immigration Judge should only find an expert's opinion to be persuasive if there is a reliable factual or evidentiary basis for [the expert's] conclusions." *Matter of J-G-T-*, 28 I&N Dec. at 103.

In the instant case, although Ms. Karshan demonstrated expertise in her field, the Immigration Judge clearly erred in the weight she gave to Ms. Karshan's testimony and declaration.  *See id.* at 103–05 (describing how to evaluate the persuasiveness of an expert's opinion).   Ms. Karshan's background includes factors that significantly weigh against the reliability and persuasiveness of her testimony.  *See id*. at 103.  DHS objected to the Immigration Judge designating Ms. Karshan as an expert because of her advocacy background, specifically arguing that she previously advocated that no criminal deportees should be returned to Haiti.   When DHS confronted Ms. Karshan on cross-examination about coauthoring an article advocating that all deportations to Haiti be stopped, Ms. Karshan conceded that there were periods of time when she believed the United States should have ceased all deportations to Haiti.

We acknowledge that expert witnesses sometimes exhibit a degree of bias, such as when an expert routinely testifies only for plaintiffs or only for defendants.  Bias of this type does not necessarily render the testimony of a witness inadmissible.  However, where an expert witness' background and

testimony reflect a reluctance to consider contrary evidence and an inability to impartially assess matters involving the removal of persons to a given country, an Immigration Judge errs in giving the testimony of that witness significant weight.  Here, Ms. Karshan's background and testimony reflect an inability to impartially assess matters involving the removal of aliens to Haiti.  This significantly impacts the reliability of her opinions.  Thus, we conclude the Immigration Judge clearly erred in finding Ms. Karshan's opinion persuasive and assigning her testimony significant weight.  *See Matter of M-A-M-Z-*, 28 I&N Dec. at 177 (stating that the weight and probative value to give expert testimony is a factual determination).

The record evidence does not establish a clear probability that the applicant will suffer harm rising to the level of torture in Haiti.  Even assuming the applicant will be detained indefinitely by Haitian authorities upon his removal, we have held that the indefinite detention of criminal deportees by authorities in substandard prison conditions does not constitute torture within the meaning of 8 C.F.R. § 1208.18(a) (2020) where there is no evidence that the authorities intentionally and deliberately detain deportees in order to inflict torture.  *Matter of J-E-*, 23 I&N Dec. 291, 300–01 (BIA 2002).  We acknowledge that Ms. Karshan's declaration cites to country conditions reports stating that some incarcerated individuals have reported receiving inadequate food in prison and some have died in detention as a result.  The Immigration Judge erred, however, by relying upon "a relatively small number of anecdotal incidents of mistreatment or death that fall well short of supporting a clear probability of torture."  *Matter of A-A-F-V-*, 29 I&N Dec. 118, 120 (BIA 2025); *see also Matter of A-A-R-*, 29 I&N Dec. 38, 41–42 (BIA 2025) (holding that anecdotal reports of some incidents of severe harm or death are not sufficient to show that the alien, in particular, would more likely than not be tortured in prison).

The Immigration Judge's finding that the applicant will more likely than not be starved, deprived of medical care, tortured and/or killed by Haitian Government officials is based primarily on Ms. Karshan's unreliable opinion.  The Immigration Judge failed to give sufficient credit to the evidence DHS presented of Ms. Karshan's bias and did not adequately consider how her advocacy against deportation to Haiti could taint her opinion.  Ms. Karshan opined that torture is rampant at police stations and prisons throughout Haiti but did not cite sufficient evidence to support her opinion.  *See Matter of J-G-T-*, 28 I&N Dec. at 103 (noting that there must be a reliable factual and evidentiary basis for an expert's opinion).  Similarly, Ms. Karshan's assertion that the applicant will more likely than not be placed in isolation, beaten, abandoned, enslaved, or sexually abused because of his physical and psychological conditions is not adequately supported by the

record. Although the record contains evidence of isolated acts of torture in Haiti, the applicant has not shown that torture "is so common that it is more likely than not that he will personally experience it." *Matter of J-R-G-P-*, 27 I&N Dec. 482, 487 (BIA 2018).

Similarly, the Immigration Judge's finding that the applicant will more likely than not be severely harmed or killed by criminal gangs is primarily tethered to Ms. Karshan's unreliable opinion and does not have other objective evidentiary support sufficient to sustain such a finding. "Evidence of the general possibility of torture does not meet the applicant's burden of establishing that it is more likely than not that he will be targeted for such treatment." *Matter of A-A-F-V-*, 29 I&N Dec. at 121; *see also Matter of S-V-*, 22 I&N Dec. 1306, 1313 (BIA 2000) ("Specific grounds must exist that indicate the individual would be personally at risk."). *See generally Matter of S-S-*, 29 I&N Dec. 136, 139 (BIA 2025) (finding that an Immigration Judge erred in concluding that an applicant with mental health issues would more likely than not be tortured in detention in Haiti).

For the foregoing reasons, we conclude that the Immigration Judge erred in determining that the applicant will more likely than not suffer harm amounting to torture upon removal. *See Matter of R-A-F-*, 27 I&N Dec. at 779. Thus, we reverse the Immigration Judge's decision granting deferral of removal under the CAT.

The applicant attached to his reply brief an April 2025 country conditions article, which states, among other things, that the United Nations can no longer provide financial assistance to all deportees in Haiti because of funding cuts. The Board reviews the record that was before the Immigration Judge and therefore does not generally consider evidence submitted for the first time on appeal. *See Matter of Fedorenko*, 19 I&N Dec. 57, 73–74 (BIA 1984) (finding it inappropriate to accept evidence first presented on appeal). The proffered article was previously unavailable as it post-dates the Immigration Judge's decision; however, the applicant has not shown that this evidence would likely change the result of his application for CAT deferral. *See Dos Santos v. U.S. Att'y Gen.*, 982 F.3d 1315, 1323 (11th Cir. 2020); *Matter of Coelho*, 20 I&N Dec. 464, 473 (BIA 1992). Thus, remand for consideration of the additional evidence submitted with the applicant's reply brief is not warranted.

**ORDER:** DHS' appeal is sustained, and the Immigration Judge's March 24, 2025, grant of deferral of removal under the Convention Against Torture is vacated.

**NOTICE:**  If an applicant is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the applicant's departure pursuant to the order of removal, the applicant shall be subject to a civil monetary penalty of up to $998 for each day the applicant is in violation.  *See* section 274D of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any applicant that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both.  *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).