# Matter of M-K-, Respondent

*Decided by Board April 9, 2026[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  The Secretary of State's letter that the respondent's presence in the United States would have potentially serious adverse foreign policy consequences is presumptive and sufficient evidence that the respondent is removable under section 237(a)(4)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(4)(C)(i) (2024).

(2)  The respondent's failure to disclose his involvement with the United Nations Relief and Works Agency for Palestine Refugees on his Form I-485, Application to Register Permanent Residence or Adjust Status, constitutes a material misrepresentation rendering him removable under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A).

(3)  The Immigration Judge properly denied the respondent's application for a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), where equities in his case were outweighed by the negative factors, including the Secretary of State's letter that the respondent's presence in the United States would have potentially serious adverse foreign policy consequences.

FOR THE RESPONDENT:  Marc Van Der Hout, Esquire, San Francisco, California

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Numa Metoyer, Deputy Chief Counsel

BEFORE:  Board Panel:  MALPHRUS, Chief Appellate Immigration Judge; HUNSUCKER and GEMOETS, Appellate Immigration Judges.

MALPHRUS, Chief Appellate Immigration Judge:

The respondent, a native of Syria and a citizen of Algeria, appeals from an Immigration Judge's September 12, 2025, decision denying his application for a waiver under section 237(a)(1)(H) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(1)(H) (2024).  In addition, the respondent has filed a motion to remand to consider previously unavailable evidence.  The Department of Homeland Security ("DHS") opposes the

---

[1]  The Board has designated as precedent this decision, which was previously issued unpublished on April 9, 2026.  Editorial changes have been made consistent with the designation of the case as a precedent.

appeal and motion. The appeal will be dismissed, and the motion will be denied.

We review the Immigration Judge's factual findings for clear error. 8 C.F.R. § 1003.1(d)(3)(i) (2026). We review all other issues de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

## I. PROCEDURAL HISTORY

The record contains a letter in which Secretary of State Marco Rubio determined that the respondent is removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), because his presence in the United States would have potentially serious adverse foreign policy consequences and would compromise a compelling United States foreign policy interest based on his participation and role "in antisemitic protests and disruptive activities which fosters a hostile environment for Jewish students in the United States." DHS initiated removal proceedings against the respondent, charging him with removability pursuant to section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), based on Secretary Rubio's letter. DHS subsequently amended the Form I-862, Notice to Appear, to include an additional charge of removability under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A), and alleging that the respondent made three willful misrepresentations in his Form I-485, Application to Register Permanent Residence or Adjust Status, that he signed on March 26, 2024, and filed with United States Citizenship and Immigration Services ("USCIS").

On June 11, 2025, a United States District Court judge issued a preliminary injunction enjoining the agency from seeking to remove the respondent based on Secretary Rubio's determination. *Khalil v. Trump*, 786 F.Supp. 3d 871, 880 (D.N.J. 2025), *vacated and remanded sub nom. Khalil v. President* 164 F.4th 259 (3d Cir. 2026). Nevertheless, on June 20, 2025, the Immigration Judge sustained both charges of removability. With respect to both Algeria and Syria, the Immigration Judge concluded that the respondent had not shown eligibility for asylum under section 208 of the INA, 8 U.S.C. § 1158 (2024); withholding of removal pursuant to section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3) (2024); and protection under the regulations implementing the Convention Against Torture ("CAT").[2]

---

[2]   The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. § 1208.16(c) (2026); 8 C.F.R. § 1208.18(a) (2020).

The District Court judge, having been requested to clarify the previous June 11, 2025, preliminary injunctive order, directed that "the immigration judge [] promptly vacate or amend her June 20 decision to the extent it finds the [respondent] removable" based on the section 237(a)(4)(C)(i) charge. *Khalil v. Trump*, No. 25-cv-01963 (MAH), 2025 WL 1983755, *1 (D.N.J. July 17, 2025), *vacated and remanded sub nom. Khalil v. President*, 164 F.4th 259. The judge stated that the Immigration Judge was not required to revisit her determinations concerning the respondent's eligibility for asylum. *Id.* at *2. Thus, on July 31, 2025, the Immigration Judge vacated her April 11, 2025, oral finding of removability under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i).

In the September 12, 2025, decision from which the respondent appeals, the Immigration Judge incorporated her June 20, 2025, decision by reference. The Immigration Judge further concluded that the respondent had not established eligibility for a waiver under section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), and alternatively that he does not merit a waiver in the exercise of discretion. *See* 8 C.F.R. § 1240.8(d) (2026).

The United States Court of Appeals for the Third Circuit thereafter vacated the preliminary injunction and remanded the record to the District Court judge. *Khalil*, 164 F.4th at 281. While the respondent asserts that he is pursuing a petition for rehearing or rehearing en banc, he presents no evidence that such a petition has been filed, much less granted. *See, e.g.*, *Matter of Mariscal-Hernandez*, 28 I&N Dec. 666, 673 (BIA 2022); *Matter of J.J. Rodriguez*, 27 I&N Dec. 762, 765–66 (BIA 2020). We thus reject the respondent's assertion that consideration of Secretary Rubio's determination continues to be enjoined. Each of the Immigration Judge's dispositive rulings on removability and eligibility for relief and protection from removal are currently subject to review by the Board.[3]

---

[3] While the Immigration Judge vacated her April 11, 2025, oral finding that the respondent is removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), she found the respondent removable under that section in her June 20, 2025, and September 12, 2025, written decisions. *See Khalil*, 164 F.4th at 276. There is thus no need to remand for the Immigration Judge to make a new removability determination.

## II.  SECTION 237(a)(4)(C)(i) CHARGE[4]

The Immigration Judge was correct in ruling that Secretary Rubio's letter is presumptive and sufficient evidence that the respondent is removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), and DHS is not required to present additional evidence of removability. *Matter of Ruiz-Massieu*, 22 I&N Dec. 833, 842 (BIA 1999). In enacting the INA, Congress assigned the Secretary of State unilateral judgment regarding adverse foreign policy consequences. *Id.* We affirm the Immigration Judge's determination that she was obligated to apply section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), as written.

As "the Secretary of State's determination . . . is equivalent to a duly-certified record of criminal conviction by a state or federal court[,]" we affirm the Immigration Judge's conclusion that procedural notice requirements are satisfied once the respondent is notified that the basis for the charge is a determination by the Secretary of State under the authority granted by Congress. *See Matter of Ruiz-Massieu*, 22 I&N Dec. at 844. If we looked behind the facially valid basis for the letter from the Secretary of State, it "would necessarily require the Immigration Judge and this Board to intrude into the realm of foreign policy." *Id.* at 844. But "[t]here is no indication that Congress contemplated an Immigration Judge, or even the Attorney General, overruling the Secretary of State on a question of foreign policy." *Id.* at 845. We therefore affirm the Immigration Judge's conclusion that DHS established the respondent's removability under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), by clear and convincing evidence through submission of Secretary Rubio's letter. *See* 8 C.F.R. § 1240.8(a) (2026).[5]

---

[4]  The respondent was on notice of *Khalil* and identifies no legal authority establishing that the Third Circuit's decision lacks effect pending the court's ruling on a petition for rehearing or rehearing en banc. The respondent's motion to accept his reply brief is granted, and we have evaluated the arguments raised therein. We therefore deny, as moot, the respondent's motion filed on March 23, 2026, seeking supplemental briefing in the event that the Board rules on the section 237(a)(4)(C)(i) charge.

[5]  Contrary to the respondent's claim, in reviewing the Immigration Judge's removability determination, the Board is not bound by statements of Government counsel during the litigation of *Khalil* before the Third Circuit and prior to the Third Circuit's order vacating the preliminary injunction.

## III.  SECTION 237(a)(1)(A) CHARGE

DHS alleged that on a Form I-485 signed by the respondent on March 26, 2024, and mailed on March 29, 2024, "in response to the question at part 8, page 9, [the respondent] failed to disclose that [he was] a member of the United Nations Relief and Works Agency for Palestine Refugees (UNRWA) from June through November 2023 as a political officer."  DHS thus charged the respondent with removability under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A), because he sought to procure "a visa, other documentation, or admission to the United States, or other benefit provided under the [INA], by fraud or willfully misrepresenting a material fact, under [s]ection 212(a)(6)(C)(i)" of the INA, 8 U.S.C. § 1182(a)(6)(C)(i) (2024).

The Immigration Judge found, without clear error, that UNRWA is not a membership-based organization.  While DHS alleged that the respondent failed to disclose that he was a "member" of UNRWA, the record supports the Immigration Judge's determination that the Form I-485 question underlying the factual allegation asks:  "Have you **EVER** been a member of, involved in, or in any way associated with any organization, association, fund, foundation, party, club society, or similar group in the United States or in any other location in the world including military service?"  Given the breadth of this question, contrary to the claim on appeal, the Immigration Judge permissibly found that DHS provided sufficient notice that the respondent was being charged with removability based on a misrepresentation regarding his involvement with UNRWA, regardless of whether he was a "member" of that organization.  *See Matter of D-R-*, 25 I&N Dec. 445, 454 (BIA 2011) (providing that Immigration Judges may make factual findings "based on reasonable inferences from direct and circumstantial evidence of the record as a whole"), *remanded on other grounds sub nom. Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015).

We also disagree with the respondent's contention that the Immigration Judge erred in finding this misrepresentation to be willful and material.  "[A] concealment or misrepresentation is material if it 'has a natural tendency to influence'" the decisions of the agency.  *Matter of B-Y-*, 25 I&N Dec. 236, 244 (BIA 2010) (quoting *Kungys v. United States*, 485 U.S. 759, 770 (1988)).  The respondent asserts that he was a full-time intern for UNRWA in June 1, 2023, and later continued the internship from September 1, 2023, to November 30, 2023.  The respondent testified that he was actually employed by Columbia University who then "lent" him out to UNRWA, and he disclosed his employment with Columbia in the Form I-485.  However, the Immigration Judge did not clearly err in finding that the respondent willfully failed to disclose in response to the question at part 8, page 9 of the

Form I-485 that he was "involved and associated" with UNRWA for approximately 6 months. The Immigration Judge permissibly found that by omitting his internship with UNRWA, the respondent shut off a line of inquiry that would predictably have disclosed other relevant facts and triggered the need for additional discretionary decision-making by the USCIS officer adjudicating the respondent's Form I-485. The record supports the Immigration Judge's determination that the respondent was well-educated on matters of international administration and policy when he completed his Form I-485, given his pursuit of a graduate degree in public administration and international affairs, including an awareness of potential immigration consequences attributable to certain actions. The Immigration Judge thus permissibly expected the respondent to have disclosed his involvement in UNRWA activities, which predictably could have led an immigration officer to inquire regarding related matters of discretion or security-related grounds of inadmissibility. Although the respondent takes the position that issues identified by the Immigration Judge in his particular case should be determined immaterial, such determinations are delegated to immigration adjudicators who rely on truthful and complete responses to the questions that have been formulated in applications for relief and provide the basis by which to grant discretionary relief. Therefore, we affirm the Immigration Judge's conclusion that DHS established the respondent's removability under section 237(a)(1)(A) of the INA, 8 U.S.C. § 1227(a)(1)(A), by clear and convincing evidence. *See* 8 C.F.R. § 1240.8(a).[6]

## IV. MOTION TO REMAND

The respondent argues that the section 237(a)(1)(A) charge is invalid because DHS brought it in retaliation for his protected First Amendment speech criticizing Israel and the United States' support for Israel's actions in Gaza. The respondent also contends that the Immigration Judge erroneously denied his motions to terminate, to obtain discovery, and to obtain

---

[6] Because the foregoing misrepresentation is dispositive of section 237(a)(1)(A) removability, we do not reach the respondent's argument that the Immigration Judge erroneously found him removable based on another misrepresentation regarding his involvement in Columbia University Apartheid Divest. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Matter of L-A-C-*, 26 I&N Dec. 516, 526 n.7 (BIA 2015) (declining to reach alternative issues on appeal regarding ineligibility for relief where an applicant is otherwise statutorily ineligible for such relief).

continuances based on claimed violations of his constitutional rights. We disagree.

The purpose of removal proceedings is to determine the respondent's removability and eligibility for relief and protection from removal. *See Pereida v. Wilkinson*, 592 U.S. 224, 227 (2021) ("The INA governs how persons are admitted to, and removed from, the United States."). The Immigration Judge properly did so in the decisions issued on June 20, 2025, and September 12, 2025. Aliens in removal proceedings are not entitled to conduct discovery directed toward the records, officers, agents, or employees of DHS, the Department of Justice, or the Department of State. 8 C.F.R. § 1208.12(b) (2020); *see also Matter of Benitez*, 19 I&N Dec. 173, 174 (BIA 1984) (recognizing that "the Federal Rules of Civil Procedure are not applicable in deportation proceedings, and there is no requirement that a request for discovery be honored").

While the respondent is not entitled to discovery, the regulations authorize him to request a subpoena for witnesses or documents. 8 C.F.R. § 1003.35(b)(2) (2026). The respondent does not clearly indicate why he sought a subpoena under 8 C.F.R. § 1003.35 and instead frames his argument as a due process challenge. Although the respondent filed a Motion for Production of Documents, the motion did not comply with the subpoena requirements of stating in writing what he expects to prove with the evidence and that he made diligent efforts to obtain it. 8 C.F.R. § 1003.35(b)(2). The respondent also has not shown prejudice, considering that DHS filed a Form I-213, Record of Deportable/Inadmissible Alien, and other evidence to support the removal charges.

We acknowledge the findings of the United States District Court judge specific to the respondent in *Am. Ass'n of Univ. Professors v. Rubio*, 802 F.Supp. 3d 120 (D. Mass. 2025), and the evidence discussed in that decision. However, the respondent was not a party to that case, and Immigration Judges and the Board "are bound to follow the precedent of this Board, the Attorney General, and the circuit court of appeals with jurisdiction over the geographic region where a case occurs." *Matter of Garcia*, 28 I&N Dec. 693, 695 (BIA 2023). The evidence from *Am. Ass'n of Univ. Professors* specific to the respondent is now a part of the record and may be evaluated, along with any additional factual development of the record, on review from the administratively final order of removal effectuated by the instant decision. *See Khalil*, 164 F.4th at 279–81. We deny the respondent's motion to remand for the Immigration Judge to consider the evidence presented in the first instance because he has not shown that it is reasonably likely to change the Immigration Judge's rulings concerning his removability and

eligibility for relief and protection from removal.  *See Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019); *Matter of L-O-G-*, 21 I&N Dec. 413, 419 (BIA 1996).

As the respondent is requesting review of the authority of the Secretary of State to render his opinion and how that opinion was reached, the respondent essentially requests that we look behind the facially valid action of the Secretary of State.  The respondent's attempt to veil his objection to the Secretary of State's opinion as a due process claim, where he is ultimately questioning the statutory authorization itself, is unsound.  Moreover, the respondent may raise this or any constitutional claim in appealing from an administratively final order of removal.  *See Khalil*, 164 F.4th at 276–81.

## V.  SECTION 237(a)(1)(H) WAIVER

As the Immigration Judge found, the respondent remains removable under section 237(a)(4)(C)(i) of the INA, 8 U.S.C. § 1227(a)(4)(C)(i), regardless of whether he is granted a section 237(a)(1)(H) waiver.  In the interest of completeness, we will review the Immigration Judge's findings relevant to the respondent's waiver application.

We recently overruled the holding in *Matter of Agour*, 26 I&N Dec. 566 (BIA 2015), that an alien's adjustment of status constitutes an "admission" for purposes of the waiver at section 237(a)(1)(H) of the INA, 8 U.S.C. § 1227(a)(1)(H), and clarified that the term "admission" in section 237(a)(1)(H) refers only to an alien's lawful entry into the United States after inspection and authorization by an immigration officer.  *Matter of Forjoe*, 29 I&N Dec. 463, 471 (BIA 2026).  At the same time, we determined that our ruling would only apply prospectively.  *Id.* at 472.  We therefore reverse the Immigration Judge's conclusion that the respondent is statutorily ineligible for a section 237(a)(1)(H) waiver.

Nevertheless, we are unpersuaded by the respondent's argument that the Immigration Judge erred in alternatively denying a waiver on discretionary grounds.  At the outset, the record reflects that the Immigration Judge permitted the respondent to submit evidence in support of his application via an order issued on July 30, 2025.  While the respondent avers that he would have presented more evidence if given more time to do so, he has not shown that such evidence would have materially differed from the evidence he did submit.  We conclude that the respondent received a full and fair hearing on his waiver application.  *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).

Determining whether a favorable exercise of discretion is warranted for purposes of a section 237(a)(1)(H) waiver "necessitates a balancing of an alien's undesirability as a permanent resident with the social and human considerations present." *Matter of M-C-C-*, 29 I&N Dec. 401, 406 (BIA 2026) (quoting *Matter of Tijam*, 22 I&N Dec. 408, 412 (BIA 1998)). Relevant adverse factors include "the nature and underlying circumstances of the fraud or misrepresentation involved; the nature, seriousness, and recency of any criminal record; and any other additional evidence of the alien's bad character or undesirability as a lawful permanent resident." *Id.* (quoting *Matter of Tijam*, 22 I&N Dec. at 412). "Favorable factors include 'family ties in the United States; residence of a long duration in this country, particularly where it commenced when the alien was young; evidence of hardship to the alien or his family if deportation occurs; a stable employment history; the existence of property or business ties; evidence of value and service to the community; and other evidence of the alien's good character.'" *Id.* (quoting *Matter of Tijam*, 22 I&N Dec. at 412–13).

The record supports the Immigration Judge's finding that the respondent's equities include his United States citizen wife and son, as well as several supporting declarations. We affirm the Immigration Judge's determination that the negative factor of Secretary Rubio's letter alone outweighs these equities.

Moreover, we affirm the Immigration Judge's conclusion that the respondent's negative factors outweigh his equities even without considering the Secretary of State's letter. The Immigration Judge properly found that while the respondent's family members will experience emotional hardship upon his removal, this is an understandable and commonly raised concern in removal proceedings. The Immigration Judge also permissibly found that the respondent's wife's employment will somewhat lessen the hardship to her and the respondent's son. Additionally, the Immigration Judge permissibly found it significant that the respondent is not a long-time resident of the United States, having entered in December of 2022 to pursue a graduate degree, which he obtained in July of 2025. The record supports the Immigration Judge's determination that the respondent established no significant property or business ties during his time as a conditional permanent resident of the United States. In addition, the Immigration Judge properly considered the foregoing misrepresentation on the respondent's Form I-485 as a negative factor. We therefore affirm the Immigration Judge's denial of the respondent's application for a section 237(a)(1)(H) waiver because he has not shown that a favorable exercise of discretion is in the best interests of the United States.

## VI.  RELIEF AND PROTECTION FROM REMOVAL

An alien is barred from asylum if "there are reasonable grounds for regarding the alien as a danger to the security of the United States."  INA § 208(b)(2)(A)(iv), 8 U.S.C. § 1158(b)(2)(A)(iv); *accord* 8 C.F.R. § 1208.13(c)(1) (2026).  "[D]anger to the security of the United States" means "a risk to the Nation's defense, foreign relations, or economic interests."  *Matter of A-H-*, 23 I&N Dec. 774, 788 (A.G. 2005), *granting review in part sub nom. Haddam v. Holder*, 547 F. App'x 306 (4th Cir. 2013). We affirm the Immigration Judge's conclusion that DHS demonstrated reasonable grounds to find that the respondent is a danger to national security through submission of Secretary Rubio's letter, which states that the respondent's "activities and presence" in the United States "would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest" based on the respondent's "participation in antisemitic protests and disruptive activities, which fostered a hostile environment for Jewish students in the United States."  *See id.* at 788–89.  The Immigration Judge further properly determined that the respondent failed to demonstrate by a preponderance of the evidence that the national security bar does not apply.  *See* 8 C.F.R. § 1240.8(d) (2026).  We thus affirm the conclusion that the respondent is barred from asylum under section 208(b)(2)(A)(iv) of the INA, 8 U.S.C. § 1158(b)(2)(A)(iv).[7]

We also are unpersuaded by the respondent's argument that the Immigration Judge erred in alternatively denying his asylum application on the merits.  The respondent fears persecution by the Israeli government in Algeria and Syria, as well as by remnants of the Assad regime and ISIS in Syria.

It is undisputed that the respondent did not experience past persecution in Algeria.  For the reasons stated by the Immigration Judge, we agree that the respondent did not establish past persecution in Syria.

Therefore, the respondent may not benefit from the regulatory presumption of a well-founded fear of persecution on account of a ground protected under the INA.  *See* 8 C.F.R. § 1208.13(b)(1) (2020).  The

---

[7]  We disagree with the respondent's assertion that the Immigration Judge was bound by a preliminary statement suggesting that the bar does not apply to the respondent because he was charged under section 237(a)(4)(C) of the INA, 8 U.S.C. § 1227(a)(4)(C), instead of section 237(a)(4)(B) of the INA, 8 U.S.C. § 1227(a)(4)(B).  We review the Immigration Judge's final decision on this issue.

respondent may independently establish a well-founded fear of persecution on account of a protected ground.  *See* 8 C.F.R. § 1208.13(b)(2)(i).

For the reasons stated by the Immigration Judge, we agree that the respondent failed to establish an objectively reasonable well-founded fear of persecution in Algeria and Syria on account of a ground protected under the INA.  We discern no clear error in the Immigration Judge's finding that the respondent's fear of persecution in both locations is speculative, *see Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006), and the respondent did not establish that either government would condone violence against him "or at least demonstrate[] a complete helplessness to protect" him.  *See Bertrand v. Garland*, 36 F.4th 627, 631–32 (5th Cir. 2022) (quoting *Shehu v. Gonzales*, 443 F.3d 435, 437 (5th Cir. 2006)).  While the respondent argues for a particular construction of the evidence, the Immigration Judge did not clearly err in weighing it differently.  *See Matter of D-R-*, 25 I&N Dec. at 454; *see also Cooper v. Harris*, 581 U.S. 285, 293 (2017) (holding that on clear error review, "[a] finding that is 'plausible' in light of the full record—even if another is equally or more so—must govern.").  The Immigration Judge also permissibly declined to find that the testimony of the respondent's expert witnesses established the requisite probability of future persecution.  *See Matter of D-J-L-*, 29 I&N Dec. 485, 487 (BIA 2026). [8]

For these reasons, we affirm the denial of asylum.  *See* 8 C.F.R. § 1208.13(b).  We also affirm the denial of statutory withholding of removal, which is governed by a more stringent burden of proof.  *See* 8 C.F.R. § 1208.16(b)(1)–(2) (2026); *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

To qualify for withholding of removal under the CAT, the respondent must show that he more likely than not will be tortured by or with the consent or acquiescence (including the concept of willful blindness) of a public official if removed to Algeria or Syria.  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see also Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006).  We review the Immigration Judge's factual findings regarding the type and likelihood of mistreatment that the respondent will experience for clear error and her legal determinations as to whether the mistreatment constitutes torture de novo.  *See Matter of J-H-M-H-*, 29 I&N Dec. 278, 283 (BIA 2025) (citing

---

[8]  Because the respondent has not demonstrated eligibility for asylum vis-à-vis Syria or Algeria, we need not address his argument that *Matter of B-R-*, 26 I&N Dec. 119, 122 (BIA 2013), was wrongly decided.  *See INS v. Bagamasbad*, 429 U.S. at 25; *Matter of L-A-C-*, 26 I&N Dec. at 526 n.7.

*Matter of A-A-R-*, 29 I&N Dec. 38, 41 (BIA 2025), and *Matter of R-A-F-*, 27 I&N Dec. 778, 779 (A.G. 2020)).

We disagree with the respondent's contention that the Immigration Judge erroneously denied his application for CAT protection. The Immigration Judge properly concluded that the respondent has not experienced past "torture" within the meaning of 8 C.F.R. § 1208.18(a) in either Algeria or Syria. *See* 8 C.F.R. § 1208.16(c)(3)(i) (identifying evidence of past torture as one relevant consideration in assessing the likelihood of future torture); *Qorane v. Barr*, 919 F.3d at 911 (stating that if incidents specific to the respondent "do not even rise to the level of persecution[,] [i]t follows *a fortiori* they do not constitute torture"); *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002) (stating that the "CAT does not require persecution, but the higher bar of torture").

The Immigration Judge also found, without clear error, that the background evidence does not show that the respondent is more likely than not to be tortured in either country, given his individual circumstances. *See Matter of A-A-R-*, 29 I&N Dec. at 40; *Matter of J-F-F-*, 23 I&N Dec. 912, 917–18, 918 n.4 (A.G. 2006) (recognizing that an Immigration Judge must identify each step in the hypothetical chain of events leading to the respondent's torture and find that each link is more likely than not to occur); *Matter of S-V-*, 22 I&N Dec. 1306, 1313 (BIA 2000) (stating that "[s]pecific grounds must exist that indicate the individual would be personally at risk" of torture). While the respondent advocates for a different interpretation of the background evidence, this does not establish clear error in the Immigration Judge's review of the record . *See Matter of D-R-*, 25 I&N Dec. at 454; *Cooper v. Harris*, 581 U.S. at 293. The Immigration Judge also permissibly did not find that the expert witness testimony cited on appeal establishes the required probability of torture. *See Matter of D-J-L-*, 29 I&N Dec. at 487.

The record also supports the Immigration Judge's determination that the respondent presented insufficient evidence establishing that he is more likely than not to be tortured at the instigation of or with the consent or acquiescence of a public official of either the Algerian or Syrian governments. In this regard, the Immigration Judge properly found that while there is currently instability in Syria due to the recent fall of the Assad regime, a government's inability to provide complete security does not constitute acquiescence. *See Chen v. Gonzales*, 470 F.3d 1131, 1142 (5th Cir. 2006) (citing *Tamara-Gomez*, 447 F.3d at 351); *Matter of M-S-I-*, 29 I&N Dec. 61, 64 (BIA 2025). We also affirm the Immigration Judge's finding that although the Algerian government has not completely stopped

illegal activities at its border, the government's steps to protect civilians by investigating and prosecuting crimes show that a public official is not more likely than not to acquiesce in torture of the respondent.

Overall, we conclude that the Immigration Judge did not commit legal error or clear factual error in determining that the respondent did not demonstrate that he more likely than not will be tortured by or with the acquiescence (including the concept of willful blindness) of a public official of the Algerian or Syrian governments.  *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a); *Tamara-Gomez*, 447 F.3d at 350–51.

## VII.  VOLUNTARY DEPARTURE

Finally, the respondent asserts that a remand is necessary because the Immigration Judge did not determine his eligibility for voluntary departure. The respondent did not submit evidence and argument pertaining to voluntary departure below, despite being afforded the opportunity to do so. We thus construe the respondent's argument as a motion to remand.  Motions to remand are subject to the same requirements as motions to reopen.  *See Matter of Coelho*, 20 I&N Dec. 464, 471 (BIA 1992).  A motion to reopen may be denied if the movant fails to make a prima facie showing of eligibility for the relief sought or fails to show entitlement to discretionary relief. *Parada-Orellana v. Garland*, 21 F.4th 887, 893 (5th Cir. 2022) (citing *INS v. Abudu*, 485 U.S. 94, 104–05 (1988)).  The respondent has not made a prima facie showing that he satisfies the requirements of section 240B(b) of the INA, 8 U.S.C. § 1229c(b) (2024), including that he merits voluntary departure in the exercise of discretion.  *See Matter of Pinzon*, 26 I&N Dec. 189, 196 (BIA 2013).  We therefore deny the respondent's motion to remand to permit him to seek voluntary departure because he has not shown a reasonable likelihood that he will be granted this privilege.  *See Matter of L-O-G-*, 21 I&N Dec. at 419 (concluding that an alien must show "a reasonable likelihood that the statutory requirements for the relief sought have been satisfied, and that there is a reasonable likelihood that relief will be granted in the exercise of discretion").

Further, the respondent argues on appeal that he "repeatedly put forth his alternative request for voluntary departure" citing to "Exhibit 15; Exhibit 34 (Written Closing) at n.1."  This is misleading.  Exhibit 34 is the respondent's written closing argument, where the respondent's counsel asserts that the respondent is statutorily eligible for voluntary departure and would timely comply with such an order.  In this argument, respondent's counsel cites to Exhibit 15 for the proposition that the respondent "previously reserved the right to seek voluntary departure should it become relevant."  However, the

respondent points to nowhere in his lengthy proceedings before the Immigration Judge where he attempted to qualify for voluntary departure or presented evidence establishing his eligibility for voluntary departure. An interest in pursuing voluntary departure does not equate to establishing the necessary elements that, in part, include a respondent's acknowledgment of the intent and means to depart.

To qualify for post-conclusion voluntary departure under section 240B(b) of the INA, 8 U.S.C. § 1229c(b), a respondent must meet the standards set forth at 8 C.F.R. § 1240.26(c)(1) (2026), which requires the alien to establish by clear and convincing evidence that he has the means to depart the United States and "the intention to do so." While respondent's counsel asserted in closing argument that the respondent would comply with such an order, statements of counsel are not evidence. *See, e.g.*, *Matter of Mariscal-Hernandez*, 28 I&N Dec. at 673; *Matter of J.J. Rodriguez*, 27 I&N Dec. at 765–66. Other than in this argument, the only other place in the voluminous record that the respondent claims he indicated a desire for voluntary departure is Exhibit 15, where the respondent stated he "has no intention to leave the country unless and until he is deported. He reserves the right to seek voluntary departure only as a last resort and as an alternative to all other forms of relief identified here." This statement by the respondent is contradictory at best and falls far short of demonstrating by clear and convincing evidence that the respondent intends to depart the United States voluntarily if ordered to do so. Accordingly, the following order is entered.

**ORDER:** The appeal is dismissed, and the motion to remand is denied.

**FURTHER ORDER:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026). Further, any respondent that has been denied admission to, removed from, or has departed the United States while under an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than 2 years, or both. *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).